RECEIVED

APR 17 2023

DEBORAH S. HUNT, Clerk

In the United States Court of Appeals
For the Sixth Circuit

Robert B. Ledbetter

    Petitioner - Appellant

v.

United States of America,

    Respondent - Appellee

Appeal No. 33-3219
Originating Case: 2:14-cr-00127-1

Motion For Issuance of a Certificate
of Appealability

Pro-Se standard: The Pleadings of a Petition
drafted by a Pro-Se litigant, are held to a
less stringent standard than Formal Pleadings
drafted by lawyers. And will be liberally
construed. See: Haines v. Kerner, 404 US 519
(1972) Urbian v. Thomas, 270 F.3d 292, 295
(6th cir 2011).

In the United States Court of Appeals
For the Sixth Circuit

Robert B. Ledbetter,
        Petitioner-Appellant

V.                                         Appeal No. 23-3219

United States of America,         Originating Case No. 2:14-cr-00127
        Respondent - Appelle


Motion For Issuance of a Certificate
        of Appealability

    Comes Now the petitioner, Robert B. Ledbetter, in pro se,
in necessity, and hereby moves this Court to issue a
Certificate of Appealability pursuant to U.S.C. § 2253 (c)(a).
Mr. Ledbetter seeks C.O.A. authorizing him to appeal the
denial of his 28 U.S.C § 2255 Motion to Vacate, Set Aside
Correct Sentence. See: Slack v. McDaniel, 529 U.S. 473, 484,
                            Buck v. Davis,
120 S. Ct. 1595, 146 L.Ed. 2d 542 (2000). Miller-El v. Cockrell,
537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003).


    Mr. Ledbetter seeks C.O.A based upon the Court's refusal to
satisfy the relief requested in his § 2255 motion. The Court, by
refusing to admit the truth and/or reality of Mr. Ledbetter's
claims stands in violation of 28 U.S.C. § 2243, in plain error.
Moreover Mr. Ledbetter avers that he seeks C.O.A. for good
cause based upon the District Courts deliberate indifference
to Court rule, law, and/or Constitutional mandates.

①

When judgment is promptly set forth on a seperate document, as should be done when required by Fed. R. Civ. P., Rule 58(b)(1)(c), the time for seeking an appeal from the final order begins to run. But in the case in which the Court and clerk fail to comply with this simple requirement, the time to appeal begins to run after expiration of 150 days from entry of the judgment in the civil docket as required by Rule 79(a). See Federal Rules Of Appellate Procedure, Rule 4(a)(7)(a)(ii), which states in pertinent part:

" A judgment or order is entered for purpose of this Rule 4(a) if Federal Rule Civil Procedure 58(a) required a seperate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs: 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)".

I.    STATEMENT OF JURISDICTION
" The Jurisdiction to issue a C.O.A. is invoked pursuant to 28 U.S.C. § 1291: § 2253: § 2255: Federal Rule of Civil Procedure, Rule 58: and Federal Rule of Appellant Procedure, Rule 4(a)(7)(A)(ii)".

②

II.        Statement of the case

See Docket sheet Attached!

Case: 23-3219    Document: 6    Filed: 04/17/2023    Page: 5

# U.S. District Court
## Southern District of Ohio (Columbus)
### CRIMINAL DOCKET FOR CASE #: 2:14-cr-00127-ALM-1

Case title: USA v. Ledbetter et al

Date Filed: 06/23/2014

**Interested Party**

**Russ Aoki**

Assigned to: Judge Algenon L. Marbley

**Defendant (1)**

**Robert B. Ledbetter**
*also known as*
Brandon
*also known as*
Killer B
*also known as*
"B"

represented by **Jeffrey Allen Berndt**
575 S High Street
Columbus, OH 43215
614-280-9300
Fax: 614-280-0138
Email: jberndt84@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Richard Allen Cline**
Cline, Mann & Company LLC
97 South Liberty Street
Powell, OH 43065
(614) 987-8000
Fax: 614-987-8015
Email: RCline@AttorneyCline.Com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

RACKETEERING
(1)

RACKETEERING CONSPIRACY
(1s)

RACKETEERING ACTIVITY,
MURDER/KIDNAPPING
(4)

**Disposition**



MURDER IN AID OF
RACKETEERING
(4s)

RACKETEERING ACTIVITY,
MURDER/KIDNAPPING
(9)

MURDER IN AID OF
RACKETEERING
(9s)

VIOLENT
CRIME/DRUGS/MACHINE GUN
WHERE DEATH OCCURS
(10)

MURDER THROUGH THE USE OF
A FIREARM DURING AND IN
RELATION TO A DRUG
TRAFFICKING CRIME
(10s)

RACKETEERING ACTIVITY,
MURDER/KIDNAPPING
(17)

TAMPER W/WITNESS, VICTIM,
INFORMANT (IF DEATH RESULTS)
(18)

VIOLENT
CRIME/DRUGS/MACHINE GUN
(19)

MURDER IN AID OF
RACKETEERING
(29s)

CONSPIRACY TO MURDER A
WITNESS
(30s)

USE OF A FIREARM DURING AND
IN RELATION TO A CRIME OF
VIOLENCE
(31s)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None



Christopher A. Harris

represented by **Christopher A. Harris**
599-201
TRUMBULL CORRECTIONAL
INSTITUTION
P.O. Box 901
Leavittsburg, OH 44430
PRO SE

Assigned to: Judge Algenon L. Marbley
Referred to: Magistrate Judge Michael R.
Merz

Appeals court case numbers: 17-3299 Sixth
Circuit Court of Appeals, 23-3219 Sixth
Circuit

### Defendant (1)

**Robert B. Ledbetter**
*TERMINATED: 03/24/2017*
*also known as*
Brandon
*TERMINATED: 03/24/2017*
*also known as*
Killer B
*TERMINATED: 03/24/2017*
*also known as*
"B"
*TERMINATED: 03/24/2017*

represented by **Jeffrey Allen Berndt**
Jeffrey A. Berndt, Attorney at Law
536 South High Street
Ste First Floor
Columbus, OH 43215
614-371-9300
Fax: 614-228-0253
Email: jberndt84@yahoo.com
*TERMINATED: 11/03/2020*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

**Richard Allen Cline**
Office of the Ohio Public Defender
Suite 1400
250 East Broad Street
Suite 1400
Columbus, OH 43215
614-466-5394
Fax: 614-644-1573
Email: richard.cline@opd.ohio.gov
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

**Timothy Joseph McKenna**
125 East Court
Suite 950
Cincinnati, OH 45202
513-381-7111
Fax: 513-579-1710
Email: mckennalaw@fuse.net
*TERMINATED: 11/03/2020*
*LEAD ATTORNEY*
*Designation: Retained*



**Aaron G Durden**
10 West Monument Ave
Dayton, OH 45402
937-938-1182
Email: agdlawyer@aol.com
*TERMINATED: 11/03/2020*
*Designation: CJA Appointment*

**Michael S Probst**
Probst Law Office, Inc.
1207 Grandview Avenue, Suite 201
Columbus, OH 43212
614-232-8890
Fax: 614-232-8893
Email: michael@probstlawoffice.com
*TERMINATED: 09/11/2015*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| RACKETEERING CONSPIRACY (1s) | Life |
| MURDER IN AID OF RACKETEERING (4s) | Life |
| MURDER IN AID OF RACKETEERING (9s) | Life |
| MURDER THROUGH THE USE OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME (10s) | Life |
| MURDER IN AID OF RACKETEERING (29s) | Life |
| CONSPIRACY TO MURDER A WITNESS (30s) | Life |
| USE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE (31s) | One Hundred Twenty (120) months |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| RACKETEERING (1) | Dism |
| RACKETEERING ACTIVITY, MURDER/KIDNAPPING (4) | Dism |
| RACKETEERING ACTIVITY, | Dism |

| | |
|---|---|
| MURDER/KIDNAPPING<br>(9) | |
| VIOLENT CRIME/DRUGS/MACHINE<br>GUN WHERE DEATH OCCURS<br>(10) | Dism |
| RACKETEERING ACTIVITY,<br>MURDER/KIDNAPPING<br>(17) | Dism |
| TAMPER W/WITNESS, VICTIM,<br>INFORMANT (IF DEATH RESULTS)<br>(18) | Dism |
| VIOLENT CRIME/DRUGS/MACHINE<br>GUN<br>(19) | Dism |

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                              **Disposition**

None

---

**Material Witness**

**Billy Jenkins**
*TERMINATED: 01/27/2017*

---

**Plaintiff**

USA                              represented by   **James L. Lowe**
                                                  Franklin County Prosecutor's Office
                                                  Criminal Division
                                                  373 South High Street
                                                  14th Floor
                                                  Columbus, OH 43215
                                                  614-462-3500
                                                  Fax: 614-462-6341
                                                  Email: Jlowe@franklincountyohio.gov
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: Retained*

                                                  **Kevin W Kelley**
                                                  United States Attorney
                                                  303 Marconi Boulevard
                                                  Suite 200
                                                  Columbus, OH 43215
                                                  614-469-5715
                                                  Email: kevin.kelley@usdoj.gov
                                                  *LEAD ATTORNEY*



*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Brian Martinez**
U.S. Attorney's Office
303 Marconi Boulevard
Suite 200
Columbus, OH 43215
614-469-5715
Fax: 614-469-5653
Email: Brian.Martinez2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Kimberly Robinson**
U.S. Attorney's Office for the Southern
District of Ohi
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Email: kim.robinson@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2023 | 1863 | USCA Case Number as to Robert B. Ledbetter 23-3219 for 1861 Notice of Appeal - Final Judgment; case manager Ryan E. Orme, 513-564-7079. (er) (Entered: 03/15/2023) |
| 03/06/2023 | 1861 | NOTICE OF APPEAL re 1840 Order. **(FILING FEE DUE)** by Robert B. Ledbetter. (Attachments: # 1 Envelope) (dms) (Entered: 03/08/2023) |
| 02/08/2023 | 1855 | DECISION AND ORDER - Defendant Ledbetter's two Motions for Extension of Time (ECF Nos. 1852 & 1853) are DENIED. Signed by Magistrate Judge Michael R. Merz on 2/8/2023. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 02/08/2023) |
| 02/06/2023 | 1853 | PRO SE SECOND MOTION for Extension of 90-120 Days on all proceedings. by Robert B. Ledbetter. (Attachments: # 1 Envelope) (dms) (Entered: 02/07/2023) |
| 02/06/2023 | 1852 | PRO SE MOTION for Extension on all proceedings for 90-120 days by Robert B. Ledbetter. (Attachments: # 1 Envelope) (dms) (Entered: 02/07/2023) |
| 01/09/2023 | 1840 | ORDER as to Robert B. Ledbetter. This Court RE-ENTERS its findings and conclusions from its Order of November 14, 2022 (ECF No. 1826) and the Motions to Vacate (ECF No. 1681 in Case 2:14-cr-127 and ECF No. 98 in Case No. 2:15-cr-080) are DISMISSED WITH PREJUDICE, except that the conviction and sentence for Count 31 are VACATED. All other terms and conditions outlined in the March 24, 2017 Judgment and Commitment Order (ECF No. 1478) shall remain in full effect and force. Signed by Chief Judge Algenon L. Marbley on 1/9/2023. (dms)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 01/09/2023) |
| 11/18/2022 | 1830 | DECISION AND ORDER STRIKING UNTIMELY OBJECTIONS re 1827 as to Robert B. Ledbetter Signed by Magistrate Judge Michael R. Merz on 11/18/22. (pb) (This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 11/18/2022) |

| 11/15/2022 | 1829 | ORDER as to Robert B. Ledbetter re <u>1796</u> REPORT AND RECOMMENDATIONS and <u>1816</u> SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON SUBJECT MATTER JURISDICTION; SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE MERITS. The Court's Order <u>1826</u> adopting the Magistrate Judge's Reports and Recommendations is hereby VACATED to permit full consideration by the Magistrate Judge. Signed by Chief Judge Algenon L. Marbley on 11/15/2022. (dms)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 11/15/2022) |
|---|---|---|
| 11/14/2022 | 1827 | OBJECTION TO REPORT AND RECOMMENDATIONS <u>1816</u> by Robert B. Ledbetter. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> McMicking v. Schields, # <u>3</u> United States v. Agurs, # <u>4</u> Windsor v. McVeigh, # <u>5</u> In re Hans Nielsen, # <u>6</u> Rasul v. Bush, # <u>7</u> United States v. Harrod, # <u>8</u> United States v. Gatewood, # <u>9</u> United States v. Cotton, # <u>10</u> Sunal v. Large, # <u>11</u> Zadvydas v. Davis, # <u>12</u> Johnson v. Zerbst, # <u>13</u> Hallowell v. Commons, # <u>14</u> Steel Co. v. Citizens, # <u>15</u> Envelope) (dms) (Entered: 11/14/2022) |
| 11/14/2022 | 1826 | ORDER dismissing <u>1681</u> Motion to Vacate and <u>1772</u> Amended Motion to Vacate (2255) as to Robert B. Ledbetter (1); adopting <u>1778</u> Report and Recommendations and <u>1795</u> , <u>1796</u> , and <u>1816</u> Supplemental Report and Recommendations as to Robert B. Ledbetter (1). Signed by Chief Judge Algenon L. Marbley on 11/14/2022. (dms)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 11/14/2022) |
| 10/25/2022 | 1822 | AMENDMENT TO REPORT AND RECOMMENDATIONS ON THE MERITS as to Robert D. Ledbetter - The presently pending Report and Recommendation (ECF No. 1796) and Supplemental Report and Recommendations on the merits (ECF No. 1816) are AMENDED to recommend that Ledbetters conviction and sentence on Count 31 be VACATED as precluded by Davis, supra, and that, to the extent necessary, and amended judgment be filed. Signed by Magistrate Judge Michael R. Merz on 10/24/2022. (kpf) (This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 10/25/2022) |
| 10/24/2022 | 1821 | Response re <u>1816</u> REPORT AND RECOMMENDATIONS as to Robert B. Ledbetter re <u>1795</u> REPORT AND RECOMMENDATIONS as to Robert B. Ledbetter re <u>1772</u> MOTION, <u>1778</u> REPORT AND RECOMMENDATIONS as to Robert B. Ledbetter re <u>1772</u> MOTION, <u>1796</u> REPORT AND RECOMMENDATI as to Robert B. Ledbetter (Robinson, Kimberly) (Entered: 10/24/2022) |
| 10/11/2022 | 1816 | SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON SUBJECT MATTER JURISDICTION; SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE MERITS - Ledbetter's instant Objections are without merit and should be overruled. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed in forma pauperis. Objections to R&R due by 10/25/2022 Signed by Magistrate Judge Michael R. Merz on 10/11/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 10/11/2022) |
| 09/23/2022 | 1809 | Recommittal Order as to Robert B. Ledbetter re <u>1796</u> REPORT AND RECOMMENDATIONS and <u>1804</u> Objection to Report and Recommendations filed by Robert B. Ledbetter. Signed by Chief Judge Algenon L. Marbley on 9/23/2022. (dms) (This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 09/23/2022) |
| 08/30/2022 | 1804 | OBJECTION TO REPORT AND RECOMMENDATIONS <u>1795</u> , <u>1796</u> by Robert B. Ledbetter. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Envelope) (dms) (Entered: 09/08/2022) |

(10)

| 08/09/2022 | 1796 | REPORT AND RECOMMENDATIONS as to Robert B. Ledbetter - The Magistrate Judge respectfully recommends Ledbetter's § 2255 Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed in forma pauperis. Objections to R&R due by 8/23/2022 Signed by Magistrate Judge Michael R. Merz on 8/8/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 08/09/2022) |
|---|---|---|
| 08/05/2022 | 1795 | SUPPLEMENTAL REPORT AND RECOMMENDATIONS - Having reviewed the Defendant's Motion (ECF No. 1772) in light of his Objections, the Magistrate Judge again recommends it be denied. Objections to R&R due by 8/19/2022 Signed by Magistrate Judge Michael R. Merz on 8/3/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 08/05/2022) |
| 06/21/2022 | 1782 | ORDER as to Robert B. Ledbetter re 1781 Objection to Report and Recommendations filed by Robert B. Ledbetter. Signed by Chief Judge Algenon L. Marbley on 6/21/2022. (dms)(This document has been sent by regular mail to Defendant Robert D. Ledbetter.) (Entered: 06/21/2022) |
| 06/13/2022 | 1781 | OBJECTIONS TO REPORT AND RECOMMENDATIONS 1778 by Robert B. Ledbetter. (Attachments: # 1 Envelope) (dms) (Entered: 06/16/2022) |
| 05/19/2022 | 1778 | REPORT AND RECOMMENDATIONS as to Robert B. Ledbetter - It is respectfully recommended that Defendant's "Motion for Order Vacating All Action/Orders Issued in Movant's [§] 2255 Petition for Lack of Subject Matter Jurisdiction Pursuant to 28 U.S.C. [§] 2242, 1746, and Habeas Rule 2(c) of Rules Governing 28 U.S.C. 2255(b)(5)" filed as part of ECF No. 1772 be denied. Objections to R&R due by 6/2/2022 Signed by Magistrate Judge Michael R. Merz on 5/19/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 05/19/2022) |
| 05/16/2022 | 1777 | Response re 1772 Response (non motion) as to Robert B. Ledbetter (Martinez, Brian) (Entered: 05/16/2022) |
| 05/02/2022 | 1776 | OBJECTION TO REPORT AND RECOMMENDATIONS 1770 by Robert B. Ledbetter as to Robert B. Ledbetter. (Attachments: # 1 Env.) (jlk) (Entered: 05/03/2022) |
| 04/21/2022 | 1774 | DECISION AND ORDER as to Robert B. Ledbetter (1) - The Report and Recommendations recommending dismissal of the § 2255 proceeding for refusal to sign (ECF No. 1770) is WITHDRAWN. The Government's memorandum in opposition, if any, shall be served and filed not later than May 9, 2022, per S. D. Ohio Civ. R. 7.2. Signed by Magistrate Judge Michael R. Merz on 4/21/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 04/21/2022) |
| 04/18/2022 | 1772 | Response re 1764 Order to Sign the Motion to Vacate, 1770 Report and Recommendation as to Robert B. Ledbetter. (Attachments: # 1 Envelope) (dms) Modified on 5/19/2022 to create link(kpf). (Entered: 04/20/2022) |
| 04/12/2022 | 1770 | REPORT AND RECOMMENDATIONS as to Robert B. Ledbetter - Defendant failed at the outset to sign the Motion as required by Rule 2(c). He has now refused to comply with a direct court order to correct that deficiency. It is accordingly respectfully recommended that the § 2255 Motion be denied for failure to sign. Objections to R&R due by 4/26/2022. Signed by Magistrate Judge Michael R. Merz on 4/12/2022. (kpf) |

| | | (This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 04/12/2022) |
|---|---|---|
| 03/14/2022 | 1766 | DECISION AND ORDER ON MOTIONS TO AMEND as to Robert B. Ledbetter - Ledbetter's Motions to Amend (ECF Nos. 1709, 1733, and 1744) are DENIED. Signed by Magistrate Judge Michael R. Merz on 3/14/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 03/14/2022) |
| 03/14/2022 | 1765 | ORDER TO THE CLERK REGARDING DOCKETING as to Robert B. Ledbetter - To prevent further confusion, the Clerk is hereby directed to file and docket any filing from Defendant Ledbetter in Case No. 2:14-cr-127. Signed by Magistrate Judge Michael R. Merz on 3/14/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 03/14/2022) |
| 03/14/2022 | 1764 | ORDER TO SIGN THE MOTION TO VACATE as to Robert B. Ledbetter - It is hereby ORDERED that Ledbetter sign and file the following declaration not later than April 1, 2022: "I, Robert D. Ledbetter, Defendant in the above-captioned case, do hereby declare under penalty of perjury that the statements made in my Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1681) are true and correct." Signed by Magistrate Judge Michael R. Merz on 3/14/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 03/14/2022) |
| 03/09/2022 | 1763 | REPLY TO RESPONSE to Motion by Robert B. Ledbetter as to 1733 MOTION to Dismiss, 1744 MOTION to supplement/amend 2255 (Attachments: # 1 Envelope) (dms) (Entered: 03/11/2022) |
| 02/17/2022 | 1762 | Notation ORDER granting 1757 Motion for Extension of Time to and including February 10, 2022to File Response/Reply as to Robert B. Ledbetter (1)nunc pro tunc January 27, 2022. Signed by Magistrate Judge Michael R. Merz on 2/17/2022. (MRM) (Entered: 02/17/2022) |
| 02/10/2022 | 1760 | RESPONSE to Motion by USA as to Robert B. Ledbetter re 1744 MOTION to supplement/amend 2255 (Robinson, Kimberly) (Entered: 02/10/2022) |
| 02/07/2022 | 1758 | Notice from Supreme Court of the United States. The petition for a writ of certiorari was denied on 11/12/2019. (er) (Entered: 02/08/2022) |
| 01/27/2022 | 1757 | MOTION for Extension of Time to File Response/Reply New date requested 2/10/2022. by USA as to Robert B. Ledbetter. (Robinson, Kimberly) (Entered: 01/27/2022) |
| 01/24/2022 | 1755 | Amendment/Supplemental to previous 2255 motion re 1744 MOTION to supplement/amend 2255 by Robert B. Ledbetter (bc) (Entered: 01/24/2022) |
| 01/13/2022 | 1754 | DECISION AND ORDER regarding Ledbetter's Motion to Take Judicial Notice 1753 . Signed by Magistrate Judge Michael R. Merz on 1/13/2022. (kpf)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 01/13/2022) |
| 12/22/2021 | 1753 | MOTION Requesting the Court to take Judicial Notice of the Following Adjudicative Facts Pursuant to Fed. R. Evidence Rule 201(c)(2) by Robert B. Ledbetter. (Attachments: # 1 Envelope) (er) (Entered: 12/27/2021) |
| 10/19/2021 | 1744 | MOTION to supplement/amend 2255 by Robert B. Ledbetter as to Robert B. Ledbetter. (Attachments: # 1 exh A, # 2 exh B, # 3 exh C) (bc) (Entered: 10/19/2021) |
| 09/02/2021 | 1742 | AMENDMENT/Supplemental re 1733 MOTION to Dismiss by Robert B. Ledbetter (bc) (Entered: 09/02/2021) |

| 08/30/2021 | 1741 | RESPONSE to Motion by USA as to Robert B. Ledbetter re 1733 MOTION to Dismiss (Robinson, Kimberly) (Entered: 08/30/2021) |
| 07/30/2021 | 1737 | NOTATION ORDER granting 1736 Motion for Extension of Time to File Response to Motion to Dismiss. Response due by 8/30/2021. Signed by Magistrate Judge Elizabeth Preston Deavers on 7/30/2021. (EPD) (Entered: 07/30/2021) |
| 07/29/2021 | 1736 | First MOTION for Extension of Time to File Response/Reply as to 1733 MOTION to Dismiss New date requested 8/30/2021. by USA as to Robert B. Ledbetter. (Martinez, Brian) (Entered: 07/29/2021) |
| 07/08/2021 | 1733 | MOTION to Dismiss a void judgement for lack of subject matter jurisdiction by Robert B. Ledbetter. (bc) (Entered: 07/08/2021) |
| 06/23/2021 | 1732 | Letter/Declaration/Petitioner's Preliminary Statement/Petitioner's motion to vacate pursuant to 2255 and memo of law in support from Robert Ledbetter (bc) (Entered: 06/23/2021) |
| 06/01/2021 | 1725 | ORDER denying 1715 Motion for Extension of Time to File as to Robert B. Ledbetter (1). Signed by Chief Judge Algenon L. Marbley on June 1, 2021. (bc)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 06/01/2021) |
| 05/13/2021 | 1723 | Petitioner's response to the U.S. response to petitioner's pro se motion pursuant to 28 U.S.C. 2255 (bc) (Entered: 05/13/2021) |
| 04/14/2021 | 1714 | ORDER CONSOLIDATING case #'s CR2-14-127 & CR2-15-80 as to Robert B. Ledbetter Signed by Chief Judge Algenon L. Marbley on April 14, 2021. (bc)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 04/14/2021) |
| 04/12/2021 | 1715 | MOTION for Extension of Time to File New date requested 6/14/2021. by Robert B. Ledbetter as to Robert B. Ledbetter. (bc) (bc). (Entered: 04/14/2021) |
| 03/15/2021 | 1709 | MOTION to Vacate pursuant 28 U.S.C. 2255 supplement and amendment by Robert B. Ledbetter. (bc) (Additional attachment(s) added on 3/15/2021: # 1 Sealed reply) (bc). (Entered: 03/15/2021) |
| 03/12/2021 | 1708 | NOTICE OF ATTORNEY APPEARANCE Kimberly Robinson appearing for USA. (Robinson, Kimberly) (Entered: 03/12/2021) |
| 03/12/2021 | 1707 | RESPONSE to Motion by USA as to Robert B. Ledbetter re 1681 MOTION to Vacate under 28 U.S.C. 2255 (Robinson, Kimberly) (Entered: 03/12/2021) |
| 03/10/2021 | 1706 | NOTATION ORDER granting 1702 Motion for Extension of Time to File Response to § 2255 as to Robert B. Ledbetter (1). Response due by 3/13/2021. Signed by Magistrate Judge Elizabeth Preston Deavers on 3/10/2021. (EPD) (Entered: 03/10/2021) |
| 02/11/2021 | 1702 | MOTION for Extension of Time to File Response/Reply New date requested 3/13/2021. by USA as to Robert B. Ledbetter. (Kelley, Kevin) (Entered: 02/11/2021) |
| 01/13/2021 | 1697 | NOTICE (Other) by Robert B. Ledbetter as to Robert B. Ledbetter (bc) (Entered: 01/13/2021) |
| 12/21/2020 | 1693 | ORDER as to Robert B. Ledbetter (1): Petitioner is to show cause w/in twenty-one (21) days why this action should not be dismissed for failure to prosecute by his refusal to submit a wavier of his attorney-client privilege. Show Cause Response due by 1/11/2021. Signed by Magistrate Judge Elizabeth Preston Deavers on 12/21/2020. (kk2) (This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification) (Entered: 12/21/2020) |

Case: 23-3219   Document: 6   Filed: 04/17/2023   Page: 15

| 12/17/2020 | 1694 | NOTICE of Waiver of Attorney Client Privilege by Robert B. Ledbetter. (Attachments: # 1 Envelope) (er) (Entered: 12/27/2020) |
|---|---|---|
| 11/24/2020 | 1690 | ORDER granting 1688 Motion requesting Petitioner to file a waiver of his attorney-client privilege as it relates to his claims of the denial of the effective assistance of counsel within 21 days. Respondent shall file an answer in response to the Motion to Vacate within 45 days of Petitioners submission of a written waiver of his attorney-client privilege. Petitioner may have 14 days thereafter to file a response. Robert B. Ledbetter (1) Signed by Magistrate Judge Elizabeth Preston Deavers on November 24, 2020. (jlk)(This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 11/24/2020) |
| 11/23/2020 | 1688 | MOTION for Dft Ledbetter to file a sworn waiver of attorney client privilege. MOTION to hold Response to 2255 1681 deadline in abeyance . Filed by USA as to Robert B. Ledbetter. (Kelley, Kevin) (Entered: 11/23/2020) |
| 11/04/2020 | 1682 | ORDER - The United States of America is ORDERED to respond to the Motion to Vacate in accordance with the provisions of the Rules Governing Section 2255 Cases in the United States District Courts within twenty-one (21) days. Petitioner may have fourteen (14) days thereafter to file a Reply. as to Robert B. Ledbetter. Signed by Magistrate Judge Elizabeth Preston Deavers on November 4, 2020. (jlk) (This document has been sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification.) (Entered: 11/04/2020) |
| 11/03/2020 | | Judge update in case as to Robert B. Ledbetter. Magistrate Judge Elizabeth Preston Deavers added. (jlk) (Entered: 11/03/2020) |
| 11/02/2020 | 1681 | MOTION to Vacate under 28 U.S.C. 2255 by Robert B. Ledbetter as to Robert B. Ledbetter. (Attachments: # 1 Env.) (jlk)<br>Civil case 2:20-cv-05733-ALM opened. (Entered: 11/03/2020) |
| 10/04/2019 | 1634 | Notice from Supreme Court of the United States. The petition for a writ of certiorari was filed on 9/26/19 and placed on the docket on 10/1/19 as case number 19-6107 as to Robert B. Ledbetter. (sct) (Entered: 10/07/2019) |
| 07/08/2019 | 1612 | OPINION AND JUDGMENT of USCA (certified copy) as to Robert B. Ledbetter, Christopher A. Harris, Rashad A. Liston, Deounte Ussury, Clifford L. Robinson re 1488 Notice of Appeal - Final Judgment, 1487 Notice of Appeal - Final Judgment, 1476 Notice of Appeal - Final Judgment, 1484 Notice of Appeal - Final Judgment, 1486 Notice of Appeal - Final Judgment, 1489 Notice of Appeal - Final Judgment, 1477 Notice of Appeal - Final Judgment, 1485 Notice of Appeal - Final Judgment: The Sixth Circuit ORDERS that the judgment of the District Court is AFFIRMED IN PART, VACATED IN PART and REMANDED for further proceedings consistent with this opinion. **Note: Mandate to issue.** (er) (Entered: 07/08/2019) |
| 10/30/2018 | 1604 | NOTICE *of filing of exhibits for appeal purposes* by USA as to Robert B. Ledbetter, Lance A. Green, Allen L. Wright, Tysin L. Gordon, Christopher A. Harris, Robert L. Wilson, III, Rashad A. Liston, Deounte Ussury, Thomas E. Coates, Ishmael Bowers, Joseph Hill, Freddie K. Johnson, DeShawn Smith, Lance Reynolds, Rastaman A. Wilson, Clifford L. Robinson, Troy A. Patterson, Andre M. Brown, Johnathan Holt, Christopher V. Wharton (Kelley, Kevin) (Entered: 10/30/2018) |
| 10/25/2018 | 1603 | ORDER of USCA (certified copy) as to Robert B. Ledbetter, Christopher A. Harris, Rashad A. Liston, Deounte Ussury, Clifford L. Robinson re 1488 Notice of Appeal - Final Judgment, 1487 Notice of Appeal - Final Judgment, 1476 Notice of Appeal - Final Judgment, 1489 Notice of Appeal - Final Judgment, 1477 Notice of Appeal - Final Judgment: The Appellees motion to file an oversized brief and the appellees motion |

III.                    Statement of the Facts

1.) Lack of Subject Matter Jurisdiction in a VOID Judgment per Davis decision / Defective Indictment.

2.) Section 1512 should be Vacated in light of Fowler decision.

3.) 2255 Court refused to determine the merits of Claims / refusal to declare mistrial / General Verdict.

The Legal standard that controls the issuance
of a certificate of Appealability

IV.

In the recent supreme Court case BUCK v. Davis, the
supreme Court held that the Fifth Circuit exceeded the limited
scope of the C.O.A. analysis. The C.O.A statute sets forth a
two-step process: an initial determination whether a claim is
reasonably debatable, and then if it is, an appeal in the normal case.
Chief Justice Roberts writing for the Court, held that the Certificate of
Appealability "inquiry, we have emphasized, is not coextensive with a
merits analysis. According to the Chief Justice, "the question for the Fifth
Circuit was not whether BUCK had shown extraordinary circumstances. Those
are ultimate merits determinations the panel should not have reached.
We reiterate what we have said before: A Court of Appeals should
limit its examination at the C.O.A stage to a threshold inquiry into the
underlying merit of (the) claims, and ask only if the District Court's
decision was debatable".

In Henry v. Cockrell, 327 F.3d 429, 431 (5th Cir. 2003), the court
explained that: under the Antiterrorism and Effective Death Penalty
Act (A.E.D.P.A) a petitioner must obtain a Certificate of Appealability
(C.O.A.) before he can appeal the district court's decision. See 28 U.S.C.
§ 2253(c)(1). A C.O.A will be granted only if the petitioner makes a
"substantial showing of the denial of a constitutional right". See 28
U.S.C. § 2253(c)(2).

In order to make a substantial showing, a petitioner must demonstrate
that a "reasonable jurist would find the district court's assessment
of the constitutional claim debatable or wrong." Slack v. M'Daniel
529 U.S. 473, 484, 120 S.Ct. 1595, 146 L. Ed. 542 (2000). When a
district court has denied a claim on procedural grounds, then the
petitioner must demonstrate that a "reasonable jurist would find it

debatable whether the district court was correct in its procedural ruling". As the Supreme Court made clear in its decision in the "jurisdictional prerequisite," and "until a C.O.A. has been issued, the Federal Courts of Appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners". When considering a request for a C.O.A.," the question is the debatability of the underlying Constitutional claim, not the resolution of that debate. id at 1042.

With the foregoing legal standard presented for this courts consideration as the standard for issuance of a C.O.A. Mr. Ledbetter shows this court his Constitutional claims and how they are debatable among jurists of reason.

issue #1    Lack of Subject Matter Jurisdiction in a
                VOID Judgment

Petitioner moves to Dismiss the indictment as defective and VOID. based on the Davis decision which establishes, a Due Process violation that stripped the Court of subject matter jurisdiction and resulted in a VOID judgment. In violation of Petitioner's Due Process rights, perjured grand jury and trial testimony by government witnesses (1) Anthony Jones (2) Troy Patterson (3) Turquoise Patterson (4) Tabib Broomfield and (5) Samantha Murphy, all of whom were found to provide false testimony to the grand jury. These combined constitutional violations ousted the Court of subject matter jurisdiction and rendered the entire proceedings Null and VOID.

Argument:

Petitioner does not deny initial jurisdiction but rather the court lost jurisdiction during the progress of the proceedings. When petitioner's constitutionally protected rights were infringed upon by perjured testimony and unconstitutional statute. And the court so transcended its powers rendering its judgment VOID and depriving the record of all legal virtue. See: M^c Micking 232 U.S. at 104-105.

The judicial integrity theory is that, Federal Courts cannot be accomplices in the willful disobedience of the Constitution they are sworn to uphold. The actions by the U.S. Attorneys, and the trial Court, shows on the face of the record both Procedural, and Substantive Due Process violations. These violations ousted the trial court of its initial jurisdiction. To render judgment, and sentence petitioner, the Courts jurisdiction vitiates the verdict and sentence on All counts of conviction, Not just count 31.

(18)

Case: 23-3219    Document: 6    Filed: 04/17/2023    Page: 20

Because the deprivation of the constitutional right of Due Process of law to a trial before condemnation. Either ousts the court of jurisdiction to enter a judgment of conviction or it deprives the record of all legal virtue. And a judgment of conviction entered therein is a NULLITY. It having nothing to support it. If jurisdiction is absent in the District Court, its decision is VOID. And its undeniable if the District Court lost jurisdiction, the Appellate Court is also without jurisdiction. See: Smallwood V. Gallard, 245 US 56, 62 (1927) [in the words of Justice Holmes "It does not matter that these cases have gone to a higher court. When the root is cut, the branches fall".] See: Hallowall V. Comm 239 U.S. 506, 508 (1916). Bateman V. Ford Motor Co, 76 F. Supp 178, 183 (6ᵗʰcir. 1948) same.

A defendant maintains a right to Due Process of Law in all criminal Proceedings until the entry of final judgment. And the law presumes innocence until a Valid judgment of conviction is entered. Because of the Constitutional and Due Process violations at issue in this case. There was no valid judgment of conviction entered.

Where there is a denial or invasion of a Constitutional right, The determining inquires are (1) Had the District Judge have jurisdiction of the Person and Subject Matter. And (2) was the Sentence imposed within its Power. ............ The answer to both of these questions in this case is a resounding "NO"... The District Court lost jurisdiction when Petitioner's Due Process rights were violated and Never restored.

(19)

And the Court transcended and exceeded it's Powers and the laws of its organization. When a constitutional immunity of petitioner was violated by the indictment, trial, and sentence imposed by the Court. See: Bens v. United States 266 F. 152, 157 (2nd cir. 1920).

This violated Petitioners fundamental substantive Constitutionally Protect Rights under the 5th, 6th, and 14th Amendments of the U.S. Constitution, when petitioner was convicted and sentenced based on perjured testimony offered by govt. witnesses before the Grand Jury and at Trial. In violation of petitioner's rights to Due Process. Testimony which should have been known to be false by the Government. The District Courts jurisdiction was never reestablished. And this loss of jurisdiction rendered the Courts judgment & sentence on counts 1, 4, 9, 10, 29, 30, 31 and Joinder cts. 1 & 2 illegal and VOID. See: Jalapeno Prop Mgmt LLC v. Dukas 265 F.3d 504, 515-16 (4th cir. 2001).

[ Holding "A VOID judgment is one which from it's inception was a complete Nullity, and without legal effect". ] Based on the record of multiple govt. witnesses perjured testimony. At the grand jury and trial in violation of Due Process. And the govt. soliciting testimony it knew; or should of known to be false.

⌈ Petitioner requests this court vacate his sentence and conviction on all counts 1, 4, 9, 10, 29, 30, 31 & J. cts 1 & 2 ⌊ of the Indictment. And grant a new trial. ⌋

( Relief sought for Lack of Subject Matter Jurisdiction issue )

⓴

Issue #2 : Petitioner's conviction for Violating §1512 should be Vacated in light of Court's Decision in Fowler v. United States, 131 S.Ct 2045, 179 L.Ed 2d 1099, 563 US 668 (2011)

Mr. Ledbetter contends that the Supreme Court decision in Fowler v. United States, 131 S.Ct. 2045 (2011), renders his conviction for violating 18 U.S.C. §1512 invalid. Specifically, Ledbetter argues that he was indicted for the murder of alleged government witness that he was charged in violation of §1512. See Superceding indictment - Count 3D. However, Ledbetter argues that the alleged witness that he was charged with murdering or conspiring to murder was not a government witness, Furthermore, Ledbetter contends that the victim had not communicated with a Federal officer nor was killed in order to prevent communication to a federal law enforcement officer.

In Fowler, the Supreme Court considered whether a violation of 18 U.S.C. §1512 (a)(1)(C) requires that the defendant have the intent not only to prevent communication to law enforcement officers in general, but to federal officers in particular. See Fowler, 563 US at 131 S.Ct. at 2048.

21

Fowler shot and killed a police officer who approached him and his codefendants in a cemetary where they were preparing to rob a bank. Fowler was later charged under § 1512 (a)(1)(c). After Fowler was convicted, he unsuccessfully appealed. The Supreme Court vacated the Eleventh Circuit's decision. The Court held that to establish a violation of § 1512 (a)(1)(c), the government "must show that there was a reasonable likelihood that a relevant communication would have been made to a federal officer". Fowler, 131 S.ct. at 2048.

The Supreme Court rejected the "possibility" standard, writing that to allow the Government to show only a mere possibility that a communication would have been with federal officials is to permit the Government to show little more than the possible commission of a federal offense. Id at 2051. The Supreme Court explained that the Government was not required to show that the communication, if it occured, was beyond a reasonable doubt, or even more likely than not. Id at 2052.

However, the Government "must show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical. Id at 2052.

In the case sub judice, Mr. Ledbetter was charged with the murder of a witness; whom in fact, was not a witness in any <u>Federal</u> proceeding. A scenario expressly contemplated by the Court's overriding concern in Fowler.

The Court held that "in a case such as this one where the defendant does not have a particular federal law enforcement officers in mind the Government must show a reasonable likelihood that, had e.g. the victim communicated with law enforcement officers, atleast one relevant communication would have been made to a <u>federal</u> law enforcement officer 563 U.S. at 678.

Mr. Ledbetter contends there was no evidence produced that any murder was intended to prevent the communication to a <u>Federal</u> law enforcement officer, nor was there atleast one communication to a <u>federal</u> law enforcement officer, <u>Fowler</u> <u>131 S. Ct. at 2052</u>. Therefore, Mr. Ledbetter claims that his conviction for count.30 must be vacated in light of Fowler.

See Attached Summary of Facts of Transcripts of evidentiary hearing on Dec.1, 2015 @ 1pm before Honorable Judge A. Marbley with attorney Stephen E. Palmer - counsel for victim.

Summary of Facts/overview of Evidentiary Hearing on
Dec.1, 2015 @ 1pm before Honorable Judge Marbley with
Stephen E. Palmer - counsel for victim [See: Transcripts]

---

pg. 3 of 123: victim states (per counsel) being contacted by <u>state</u>
authorities being accused of tampering with evidence

pg. 9: victim stated to counsel that she was being <u>threatened</u>
of criminal charges by state authorities. As well the DEA
was seeking $30K in relation to Mr. Ledbetter's current
marijuana arrest.

pg. 11: <u>state</u> prosecutor Gregg Marx was contacted

pg. 13: Jeffrey A. Linn, assistant to Stephen E. Palmer states that
officers want dirt on Ledbetter and hopes the <u>threats</u>
towards victim will get her to "spill her guts".

pg. 14: Jeffrey A. Linn states victim was told to lie to Ledbetter
in regards to her door being kicked in, resulting in a $30K seizure

pg. 18: Stephen E. Palmer states that a meeting took place with
<u>state</u> prosecutor Gregg Marx and a detective from the
Pickering Police Dept., in a state homicide. <u>No Federal law
enforcement officers</u>. Where full immunity was given in
advance prior to any statements giving victim full range
and incentive to proffer.

pg. 19: Victim told detectives she did not recall doing anything
to assist in disposing evidence relative to a homicide. Victim
denied it vehemently even with full brown immunity.

(24)

pg. 21 : Judge states willful rule violation of leading questions.

pg. 24 : Counsel reiterates whom is present @ meeting and that detectives did not believe her.

pg. 27 : Victim again states <u>not</u> willing to testify.

pg. 31 : Counsel states information regarding the disposal of clothing / tampering of evidence came from govt. informant Earl Williams.

pg. 35 : The Court addresses victims counsel for stating different information in regards to "Ledbetter's" crew from prior testimony.

pg. 37 : Counsel confirms that May 2011 seizure of 30K was the end of the Feds involvement with victim which was killed later in october 2011.

pg. 45 : Shows multiple contacts from victim to defendant via visitation at the County Jail and even trying to use fake I.D.'s to enter facility, even after meeting with <u>state</u> prosecutors, contradicting the theory she was killed to <u>prevent</u> testimony which she stated she would <u>not</u> do regardless.

pg. 51 : Shows victim lying to authorities, the hospital, & Social Security Disability.

These Evidentiary hearing transcripts show lack of communication with federal law enforcement, inconsistencies, & contradiction to govt. theory.

## Conclusion to Fowler issue

As demonstrated, the ineffectiveness of counsel by both trial and appellate level was cumulative and irrefutably prejudicial

## Relief sought for Fowler issue/ct.29/30

Given the impact on proceedings at both levels, Mr. Ledbetter is entitled to a restoration of his right to trial abnito. Hence, he seeks that his conviction be Vacated, the Court order a new trial and restoration of all appellate rights.

Issue #3    The Trial Court Abused its Discretion in
Denying a Mistrial

A. `Standard of Review`

We review the denial of a motion for mistrial for an abuse
of discretion. United States v. Caver, 470 F. 3d 220, 243 (6ᵗʰ cir. 2006)
"An abuse of discretion exists when the reviewing court is firmly
convinced that a mistake has been made." United States v. Carroll,
26 F. 3d 1380, 1380 (6ᵗʰ cir. 1994).

B. `Argument`

Where the government witnesses imply defense counsel acted
in furtherance of a conspiracy under the direction of the
defendant and then imply that a victim was killed based on
information given by counsel, the court should declare a mistrial.

ANALYSIS

Government witnesses Williams & Jones implied in their testimony
that Mr. Ledbetter's defense counsel was involved in the conspiracy
or somehow influenced events that led to Crystal Fyffe's murder.
While the trial court did issue curative instructions, there was
an impression of improper conduct by defense counsel, to the
detriment of Mr. Ledbetter.

A new trial should only be granted if the improper evidence
was so prejudicial " that the jury could not be trusted to
disregard it." United States v. Ursery, 109 F. 3d 1129, 1134 (6ᵗʰ cir. 97)
The primary concern is fairness to the defendant. United States
v. Forrest, 17 F. 3d 916, 919 (6ᵗʰ cir. 1994). We first determine whether
the challenged testimony was improper, and if so, whether it
was so clearly improper and prejudicial to the Defendant

27

that the harm could not be erased by any instruction which the Court might give. United States v. Howard, 621 F.3d 433, 458-59 (6th cir. 2010) (quoting: United States v. Smith, 601 F.3d 530, 538 (6th cir. 2010) cert denied, 131 S.Ct. 1623 (2011). In making this determination, we consider 5 factors: 1) whether the remark was unsolicited, 2) whether the government's line of questioning was reasonable, 3) whether the limiting instructions was immediate, clear & forceful, 4) whether any bad faith was evidence by government and 5.) whether the remark was only a small part of the evidence against the Defendant. Id at 459 (quoting Zyern v. Tate, 336 F.3d 478, 485 (6th cir. 2003).

Government witness Earl Williams said that defendant Ledbetter paid William's attorney Mark Collins $7,500 to represent him/R1123, transcripts, P1 11024-11030). He also said that Mr. Ledbetter had worn a bullet proof vest and had a gun on his lap, to which counsel objected. Id. Williams then testified that Mr. Ledbetter's own counsel had visited him while incarcerated, and that he had questioned him like he was a detective to figure out what he had shared with his lawyer, Collins. Id. Defense counsel objected as it appeared he, as Mr. Ledbetter's lawyer, was influencing witnesses. Id. The Court struck that testimony, and provided curative instruction that the jury should not infer Mr. Ledbetter's counsel was part of the conspiracy or to view him negatively. (R1125, transcript, P1 11458). Then, later, Williams repeated that Mr. Ledbetter paid $7,500 for him to have a lawyer, and then paid his own lawyer to come and see him; the court struck his answer (R1123, transcript, 11153).

28

Defense counsel said that Williams testimony was false, and now the jury would think he was a "crooked lawyer". Id at 11030 - 11034, 11055, 11060.

Another government witness Anthony Jones, said that when he and Mr. Ledbetter were in jail, they would try to figure out if someone was "telling" so they looked up names on the jail computer (which there is no jail computer @ FCCI), and that Mr. Ledbetters defense counsel told them and/or confirmed if someone was "telling". (R1124 transcript, Pi 11358-11359). Jones claimed that the information that defense counsel provided got Crystal Fyffe murdered; the Court struck that answer. Id. Counsel moved for mistrial, which the Court discussed extensively, but denied. (R1125, transcript, Pi 11356-11462).

In United States v. Hayes, an unsolicited statement by a witness that she was afraid of the defendants family waiting outside the courtroom did not merit for mistrial, since it was unrelated to any government questioning, a minor part of the testimony at trial, and was followed by an immediate, clear and forceful instruction. 399 F. Appx 57, 59-60 (6th Cir. 2010).

This case is distinguishable from Hayes in that the statements made here were in fact a major part of the trial. Both witnesses were key cooperating witnesses for the government, and made damaging claims against both defense counsel and Mr. Ledbetter. That weighs heavily in Mr. Ledbetter's favor for mistrial under the fifth factor of the elements from Zuern v. Tate., supra. That element asks if the statements made and objected to were only a small part of the evidence against the Defendant — here they were not.

(29)

In fact, they were highly prejudicial. Witness Williams saying Mr. Ledbetter had his counsel go to the jail to visit him, a co-conspirator, and then witness Jones saying that Mr. Ledbetter's counsel confirmed who was cooperating resulted in Crystal Fyffe's death, made it appear that Mr. Ledbetter could have people do things while he was in jail. This played right into the governments allegations as to how Fyffe was killed and that he was sending out his lawyer to influence people. Id at 11039-11040.

It was completely improper for government witnesses to insinuate defense counsel was involved in any way in the alleged conspiracy, but most importantly is caused an unfair trial for Mr. Ledbetter, and the mistrial should have been granted.

Issue #       The General Verdict

The verdict form notably did not require the Jury to specify the basis (either the theory of, or predicate for) the Counts 1,4,9,10,29,30,31, and Joinder Counts 1&2. To the contrary, the govt. sought only a general verdict as to each Count in the indictment, including the Section 924(c) counts. Under the definition in Section 924(c) in Counts 10,31, and Joinder Ct.2, the Courts own instructions to the jury made clear that Count 1 "racketeering conspiracy" offense could be a predicate "during trafficking crime" for Counts 10,31 and J.Ct.2 and under the categorical approach, these offenses must be as the operative predicate for counts 10,31 and J.Ct 2, due to the general verdict on these counts.

Counts 10, 31 and J. Ct. 2 of the indictment here charged Mr. Ledbetter with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. section 924(c) and (j)., in that regard, the indictment specified that crimes alleged in either counts 4, 9, 10, 29, 30, 31 and J. cts 1&2 could be predicate for Count 1. Moreover, the Court additionally clarified for the Jury that if they found Ledbetter guilty of either "conspiracy offenses", that they could find him guilty of the others.

While there were thus several different theories by which the jury here could have found Mr. Ledbetter guilty of Counts 10, 31 and J. Ct. 2 based upon the Count 1 conspiracy to commit racketeering offense, as a matter of law, a conspiracy to commit racketeering predicated on the use of a firearm during and in relation to a drug trafficking crime involving conspiracy, as well as a matter of law as applied is categorically vis-a-vis. These instructions notably told the jury that they could find petitioner guilty of these counts in two different ways: 1) use of a firearm during a drug trafficking crime or, 2) conspiracy to commit racketeering. The Court specified that it was not necessary for the govt. to prove petitioner violated the law in both ways; proof beyond a reasonable doubt that he committed it in "either way" would be sufficient, although the jury needed to be unanimous to that "way". Notably, however, the Court did not specify that unanimity was required as to the predicate forming the basis for either "way" of violating Count 1, 10, or J. Ct. 2, nor did the verdict forms require specification in that regard as to the other counts. Petitioner argues that the jury here returned a "general verdict" without specifying which predicate offenses formed basis of Section 924(c) convictions. See: Sullivan v. LA, 508 U.S. 275-281 (1993)

31

Improper jury instructions not harmless because "errors" called into serious doubt whether the petitioner received the due process guaranteed of fundamental fairness". Petitioner argues that the cumulative effect of errors committed on counts 1,9,10,31 ≧ J.ct2 is not harmless because inclusion of omitted element could have radically led jury to different verdict. See also Taylor v. Ky 434 U.S. 478,487 n.15 (1978). Id. Thus, as petition explains, this court cant know what, if anything, the jury found with regard to Ledbetter's connection to a gun and these predicate crime. Id. After all, a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to use a firearm during one of the potential predicate offenses in any or all of predicate offenses, or guilty of conspiring during some and not others. Id

## Conclusion

The Court continued that "this lack of specificity has added (4th Amendment significance under Alleyne v. United States, 570 U.S. 99 (2013)) because Section 924(c) in counts 10, 31 ≧ J.ct 2 is an essential element. It increases the mandatory minimum time in Ledbetter's case to "death" based on a finding the Petitioner used a firearm. Id Alleyne held that because these findings in Cts. 10,31, J.ct2 increased the mandatory minimum sentence, they are elements that must be resubmitted to the jury and found beyond a reasonable doubt. (quoting Alleyne, 570 U.S. at 103) And, "an indictment that lists multiple predicates based on a Section 924(c) count allows for a defendants mandatory minimum to be increased without the unanimity Alleyne requires. Id. Thus, while the court can review the record and "guess which predicate the jury

(32)

relied on in Cts. 1, 10, 31, J. Ct. 2. Alleyne expressly prohibits this type of judicial fact finding when it comes to increasing petitioners mandatory minimum sentence. Id at 1228.

The reasoning in United States v. Williamson, 519 Fed. Appx 338 (6th cir. 2014) requires this Court to dismiss counts 10, 31, J. Ct. 2 which the jury must re-analyze counts 10, 31, J. Ct. 2 conviction. Any contrary judicial finding would violate the Alleyne and the Sixth Amendment and it would unfairly permit the govt. to benefit from the duplicitous indictment that it drafted.

The least-culpable-offense approach is bolstered by Shepard v. United States, 544 US 13 (2005). Where a statute of conviction is divisible into alternative elements constituting distinct offenses, Shepard authorizes courts to consider a limited set of documents that will "necessarily" and "conclusively" identify the Defendants' offense of conviction. Id at 16, 21, 24-26. Given that "demand for certainty". Id at 21. Where as here Shepard documents do not establish the crime for which the defendant was "necessarily" convicted, the Court must assume that he was "necessarily" convicted of the least serious one. See. Johnson v. United States 559 U.S. 133, 137 (2010). Applying the logic, the court should recognize that the indictment conjunctively charged Ledbetter with three legally distinct Section 924(c) offenses predicate on Counts 1, 10, 31, J. Ct. 2, one based on conspiracy to commit racketeering, one based on conspiracy to possess with intent to distribute; through use of a firearm during and in relation to a drug trafficking crime predicate also on conspiracy.

That situation is analogous to a statute or convictions that is divisible into multiple offenses. And here, the indictment, the jury instruction and the verdict on Counts 1, 10, 31, J.Ct. 2 are silent as to the precise Section 924(c) offense for which petitioner was convicted. Because no Shepard documents (either the indictment jury instructions or verdict forms) necessarily and consecutively establish the Section 924(c) offense for which petitioner was convicted, the Court must assume it was based on the least serious predicate: the conspiracy to possess with intent to distribute.

Finally, that result is further supported by Stromberg v. California 283 U.S. 359 (1931) and its progeny, which holds that "a general verdict must be set aside if the jury was instructed that it could rely on any two or more independent grounds, and one of those grounds is insufficient because the verdict may have rested exclusively on the insufficient ground." Zant v. Stephens 462 U.S. 862, 881 (1983). "In such circumstances it is impossible to determine on which basis the jury reached its verdict, so deficiency is only one basis requires the entire verdict to be set aside".

Applied here, the 924(c) convictions in Cts. 10, 31, J.Ct 2, in the general verdict could have theoretically been based on a conspiracy to possess with intent to distribute (valid) or a racketeering conspiracy (an invalid ground for the reasons stated above). Ledbetter does not only seek to set aside Section 924(c) cts. on the basis of duplicity, he also seeks that the Court vacate Cts. 1 and 9 as being invalid. In sum, to avoid crediting a duplicitous indictment contradicting the rationale of Williamson; violating the rules of Allgyre, Shepard; Stromberg, the Court should use the conspiracy predicate to analyze his Section 924(c) convictions on Cts. 1, 10, 31 & J.Ct. 2.

(34)

<u>Belief Sought for Denial of Mistrial & General Verdict</u>

The Davis Decision made it crystal clear, after conspiracy, No overt act is required and the unlawful agreement can be punished even if the substantive crime is never committed. A conspiracy can not serve as a predicate offense under 924(c). Hence Petitioner's convictions on Count 10 924(c) & (J) must be Vacated and a judgment of acquittal entered on the record. See jury instructions #39 A+E & #40 generally pgs. 87-95.

Petitioner requests that his special sentencing enhancements under 1962(d) be removed and he be sentenced to the statutory maximum of 20 years on all counts of convictions. Because 1962 and 1959(a) (1) definition of a crime of violence is derived from 18 U.S.C. (6(a) and (b) and a RICO conspiracy does not qualify as a categorical crime of violence under the residual clause struck down in Johnson or Dimaya.

Because the jury instructions joined all counts of conviction to Ct. 1. in the violent crimes instructions. See instructions #32-34 pgs. 61-73. And there was NO special verdict form to determine which alternative element their verdict was based on. And a finding of an alternative element over the other is used to enhance a sentence beyond what would otherwise be the statutory maximum. A sentence of 20 years maximum must be imposed. See: Edwards v. United States 523 US 511 (1998) And United States v. Dale, 178 F.3d 429, 434 (6th cir. 1999).

## Conclusion

Wherefore now Mr. Ledbetter urges this honorable court to issue a Certificate of Appealability authorizing him to appeal the District Court's denial of his Constitutional and procedural claims presented herein. In the alternative, this court may grant a C.O.A and remand for further proceedings.

Respectfully submitted on this 11th day of April, 2023

Robert B. Ledbetter

## Certificate of Service

I, Robert B. Ledbetter #69484061, hereby certify that I have served a true copy of the following: "Motion for Issuance of Certificate of Appealability (C.O.A)", which is deemed filed at the time it was delivered to Prison Authorities for forwarding to the Court. See Huston V. Lack 101 L.Ed 2d 245 (1988), upon the Court and Parties to Litigation, by placing in a sealed, postage prepaid envelope and deposited in the United States Postal mail on this 11th day of April, 2023.

Robert B. Ledbetter

Robert B. Ledbetter
#69484.061
United States Penitentiary
P.O. BOX 2099
Pollock, LA 71467

(36)



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case Nos. 2:14-cr-127, 2:15-cr-80 |
|  | : Civil Case Nos. 2:20-cv-5733, 2:21-cv-1120 |
| v. | : |
|  | : Chief Judge Algenon L. Marbley |
| ROBERT B. LEDBETTER, | : |
|  | : Magistrate Judge Michael R. Merz |
| Defendant. | : |

### ORDER

This proceeding under 28 U.S.C. § 2255 is before this Court on Defendant Robert B. Ledbetter's Motion to Vacate (ECF No. 1681) and Amended Motion to Vacate (ECF No. 1772). In the first Motion, Defendant sought to have this Court set aside his convictions and sentence on all counts and grant a new trial. (ECF No. 1681 at 45). In the Amended Motion, Defendant sought to have all orders entered in this § 2255 proceeding set aside before he signed the original Motion for lack of subject matter jurisdiction on the theory that the signature requirement in Rule 2 of the Rules Governing § 2255 proceedings was jurisdictional.

In a Report and Recommendations ("R&R") filed May 19, 2022 (ECF No. 1778) and a Supplemental R&R filed August 5, 2022, after recommittal (ECF No. 1795), the assigned Magistrate Judge recommended that Defendant's subject matter jurisdiction claim be rejected. Then on August 9, 2022, the Magistrate Judge recommended that the original Motion to Vacate be denied. (ECF No. 1796). At the suggestion of the United States Attorney (ECF No. 1821), the Magistrate Judge amended the R&R on the original Motion to recommend that Ledbetter's conviction and sentence on Count 31 be vacated as precluded by *U.S. v. Davis*, 139 S. Ct. 2319 (2019). (ECF No. 1822).

1

Case: 23-3219    Document: 6    Filed: 04/17/2023    Page: 39

On November 14, 2022, this Court adopted the Magistrate Judge's pending R&Rs and ordered the § 2255 motions denied. (ECF No. 1826). On the same day, but after the Order was docketed, the Clerk received and docketed Objections from Defendant. (ECF No. 1827). The next day this Court vacated its adoption order and recommitted the case to the Magistrate Judge to permit full consideration of the Objections. (ECF No. 1829). Upon consideration, however, the Magistrate Judge struck the Objections as untimely. (ECF No. 1830).

The Magistrate Judge's Order striking the Objections was filed and served November 18, 2022. Any objections to that Order were due to be filed no later December 5, 2022. No objections have been filed as of the date of this Order and Defendant has therefore waived the right to object.

Accordingly, this Court **RE-ENTERS** its findings and conclusions from its Order of November 14, 2022 (ECF No. 1826) and the Motions to Vacate (ECF No. 1681 in Case 2:14-cr-127 and ECF No. 98 in Case No. 2:15-cr-080) are **DISMISSED WITH PREJUDICE**, except that the conviction and sentence for Count 31 are **VACATED**. All other terms and conditions outlined in the March 24, 2017 Judgment and Commitment Order (ECF No. 1478) shall remain in full effect and force.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability, and this Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed in forma pauperis.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

DATE: **January 9, 2023**

Robert B. Ledbetter
#69484 061
United States Penitentiary
P.O. BOX 2099
Pollock, Louisiana 71467





7022 2410 0001 4498 5377

**RECEIVED**

APR 17 2023

DEBORAH S. HUNT, Clerk


RDC 99


45202


U.S. POSTAGE PAID
POLLOCK, LA
71467
APR 17, 23
AMOUNT
$0.00
R2304H108279-08

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
100 East FIFTH STREET, RM 540
POTTER STEWART U.S. COURTHOUSE
Cincinnati, OHIO 45202-3988

LEGAL MAIL