RECEIVED

JUL 14 2023

DEBORAH S. HUNT, Clerk

ROBERT B. LEDBETTER
MOVANT

v.

UNITED STATES OF AMERICA
GOVERNMENT

CASE NOS. 2:14-CR-127, 2:15-CR-80

CIVIL NOS. 2:20-CV-5733, 2:21-CV-1120.

## MOTION TO INVOKE;

RULE 52(A) AND RULE 52(B); STRUCTURAL ERROR AND PLAIN ERROR REVIEW; DUE TO AN ILLEGAL, AND UNCONSTITUTIONAL SENTENCE HANDED DOWN UNDER THE RESIDUAL CLAUSE; WHICH LAW, IS OF NO LAW; AFTER THE SUPREME COURT INVALIDATED THE STATUTE, AS UNCONSTITUTIONALLY VAGUE! SEE UNITED STATES V. DAVIS, 588 U.S. ___, (2019); SEE UNITED STATES V. TAYLOR, 596 U.S. ___ (2022)(IN ACCORD). THUS, REQUIRING AUTOMATIC REVERSAL; BECAUSE THE INVALID CONVICTION AND SENTENCE MR. LEDBETTER RECEIVED; IN LIGHT OF THE RESIDUAL CLAUSE'S 'MISTAKEN' VALIDITY, "DEPRIVED" THE MOVANT OF HIS IMPORTANT CONSTITUTIONAL PROTECTIONS, AND FUNDAMENTAL RIGHTS, THAT WERE TO BE ADDRESSED AT THE DIRECT REVIEW STAGE, SO THAT THE MOVANT COULD DEFEND HIS 'SUBSTANTIVE RIGHTS', AND BE HEARD". SEE HAMDI V. RIMSFELD, 542 U.S. 507, 124 S.CT. 2633, 159 L.ed. 2d 578 (2004), "FOR MORE THAN A CENTRY THE CENTRAL MEANING OF "PROCEDURAL DUE PROCESS" HAS BEEN CLEAR: "PARTIES" WHOSE RIGHT ARE TO BE AFFECTED, ARE "ENTITLED" TO BE HEARD. . IT IS EQUALLY "FUNDAMENTAL" THAT THE 'RIGHT OF NOTICE' AND THE "OPPORTUNITY" TO BE HEARD "MUST" BE 'GRANTED' AT A MEANINGFUL TIME AND IN A MEANINGFUL MANNER. THESE ESSENTIAL CONST

PG1. (OF 45)

ITUTIONAL "PROMISES" MAY NOT BE ERRORED." (QUOTING FUENTES V. SHEVIN, 407 U.S. 67, 80, 32 L.Ed. 2d 556, 92 S.Ct. 1983 (1972)).

## [JURISDICTION OF THE COURTS]

THIS COURT HAS JURISDICTION TO SETTLE THIS DISPUTE LAWFULLY, PURSUANT TO 'SUBJECT MATTER' JURISDICTION. SEE FEDERAL COURTS 26.1; SEE FEDERAL COURTS 3.1 C.J.S COURTS §§ 9-10, 18.

## [LIBERALLY CONSTRUED]

IN LIGHT OF MR LEDBETTER'S PRO SE STATUS, AND UNSKILLED LEGAL PRACTICE! THIS COURT MUST LIBERALLY CONSTRUE THE MOVANT'S PLEADINGS AS INSTRUCTED BY THE UNITED STATES SUPREME COURT. SEE MCNEIL V. UNITED STATES, 508 U.S. 106, 113, 113 S.CT. 1980, 124 L.Ed. 2d 21 (1993); SEE HAINES V. KERNER, 404 U.S. 519, 92 S.CT. 594, 30 L.Ed. 2d 652 (1972); SEE ALSO CIRCUIT AUTHORITY AT, URBIAN V. THOMAS, 270 F.3d 292, 295 (6TH CIR. 2011).

## [GOVERNING CASELAW]

UNITED STATES V. DAVIS, 588 U.S. __ (2019); SEE SULLIVAN V. LOUIS-IANA, 508 U.S. 275, 113 S.CT. 2078, 124 L.Ed. 2d 182 (1993); SEE UNITED STATES V. GRAYER, 625 Fed. Appx. 313 (6TH CIR. 2015); IN RE WINSHIP, 397 U.S. 358, 364, 90 S.CT. 1068, 1073, 25 L.Ed. 2d 368 (1970); UNITED STATES V. GAUDIN, __ U.S. __, 115 S.CT. 2310, 132 L.Ed. 2d 444 (1995).

PG2

[ FED.R.CRIM.P. 52(A): HARMLESS REVIEW.—

RULE 52(A), ADDRESSES THE STANDARD FOR HARMLESS ERROR REVIEW WHEN A DEFENDANT MAKES A TIMELY OBJECTION TO A 'TRIAL ERROR', OR 'PROCEDURAL ERRORS', THAT MAY RENDER A CRIMINAL TRIAL FUNDAMENTALLY UNFAIR OR MAY SERVE AS AN UNRELIABLE VEHICLE FOR DETERMINING GUILT OR INNOCENCE. RULE 52(A), REQUIRES THE GOVERNMENT TO ESTABLISH ITS BURDEN OF PROOF THAT THE ERROR COMPLAINED OF BY THE MOVANT WAS HARMLESS BEYOND A REASONABLE DOUBT.

UNDER THE HARMLESS ERROR ANALYSIS, ANY ERROR, DEFECT, IRREGULARITY OR VARIANCE WHICH DOES NOT AFFECT SUBSTANTIAL RIGHTS SHALL BE DISREGARDED. SEE RULE 52(A). SEE NEDER V. UNITED STATES, 527 U.S. 1,7,119 S.CT. 1827,144 L.Ed. 2d 35 (1999).

[ FED.R.CRIM.P. 52(B): PLAIN ERROR REVIEW. —

RULE 52(B), ADDRESSES THE STANDARD OF REVIEW, FOR PLAIN ERRORS, THAT WERE UNPRESERVED AT THE DISTRICT COURT LEVEL, AND RAISED FOR THE FIRST TIME ON APPEAL. SEE PUCKETT V. UNITED STATES, 556 U.S. 129,135,129 S.CT. 1423,173 L.Ed. 2d 266(2009)

TO ESTABLISH ELIGIBILITY FOR PLAIN ERROR RELIEF, A DEFENDANT MUST SHOW (1) THAT THERE WAS AN ERROR, (2) THAT THE ERROR WAS PLAIN, AND (3) THAT THE ERROR AFFECTS "SUBSTANTIAL RIGHTS". . .

AFTER SATISFYING THE FIRST 3 PRONGS OF RULE 52(B), AN APPELLATE COURT MAY GRANT RELIEF ONLY IF IT ALSO CONCLUDES THAT THE ERROR HAD A SERIOUS EFFECT ON "THE FAIRNESS, INTEGRITY, OR PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS. SEE ROSALES-MIRELES V. UNITED STATES, 585 U.S. __, __, 138 S.CT. 1897, 201 L.Ed. 2d 376 (2018). SEE HICKS V. UNITED STATES, NO. 16-7806 (JUNE 26, 2017).

[ STANDARD OF REVIEW ]

(See Fed.R.Crim.P.51 ("If a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice that party.") See also Appeal § 1315; In other words, 'Rule 51' establishes 'standings', for a defendant who's 'rights to fair notice', afforded him the 'rights to fair notice' of the "charges" and "accusations" against him. See U.S. Constitutional Amend VI; see also Due Process Clause's (rights to fair notice).

Here, the movant asserts that [Rule 51] prohibits this Court from withholding relief on the basis of an ex post facto application of caselaw, which Mr Ledbetter never had an opportunity to contest, or be heard on, in the first instance. See Hamdi v. Rimsfeld, 542 U.S. 507, 124 S.Ct. 2633, 159 L.Ed. 2d 578 (2004); See In Re Franklin, 950 F.3d 909, 911 (6th Cir. 2020); Thus, the government is barred from arguing any factors of default or timelyness issues pursuant to the movant's failure to raise his claim sooner or within the one year ambit of Davis. Since at the time of the Supreme Court's Davis ruling, which invalidated the residual clause as unconstitutionally vague, Mr Ledbetter had been incarcerated for nearly a decide. He reasons that the 'state of law' pursuant to RICO conspiracy offenses initially rejected crime of violence challenges, or illegal conviction challenges based on Davis claims.. (accurate assertion of law).

The movant also states that in light of Apprendi v. New Jersey he's entitled to have the elements of his offense

PG4

PLACED BEFORE A JURY. Id AT 530 U.S. 466 (2000).

## [STANDARD OF REVIEW]

(EX POST FACTO LAWS:-

THE EX POST FACTO CLAUSE IS A LIMITATION UPON THE POWERS OF
THE LEGISLATURE, AND DOES NOT OF ITS OWN FORCE APPLY TO THE
JUDICIAL BRANCH OF THE GOVERNMENT. BUT THE "PRINCIPLE" ON
WHICH THE 'CLAUSE' IS BASED, THE NOTION THAT PERSONS HAVE
A RIGHT TO FAIR WARNING OF THAT CONDUCT WHICH WILL GIVE
RISE TO CRIMINAL PENALTIES, IS "FUNDAMENTAL" TO OUR CONCEPT
OF "CONSTITUTIONAL LIBERTY." AS SUCH, THAT RIGHT IS PROTECTED
AGAINST JUDICIAL ACTION BY THE DUE PROCESS CLAUSE OF U.S.
CONST. AMEND. V. SEE CUMMINGS V. MISSOURI, 71 U.S. (4 WALL.) 277,
325-26, 18 L.Ed. 356 (1866); SEE MILLER V. FLORIDA, 482 U.S. 423, 107
S.CT. 2446, 2451, 96 L.Ed. 2d 351 (1987) (EMPHASIS ADDED).

WITH THE PRINCIPLE AND SPIRIT OF THE EX POST FACTO DOCTRINE PRO-
HIBITING RETROACTIVE APPLICATION OF LAWS THAT ALTERS THE 'DEF-
INITION' OF CRIMES OR INCREASE PUNISHMENT FOR CRIMINAL ACTS. SEE
CONSTITUTIONAL LAW 197; SEE ALSO COURTS 100; MR LEDBETTER
'LOGICALLY' AND 'LAWFULLY' ASSERTS THAT HIS CLAIM FOR RELIEF,
AND POSITION FOR RELIEF, ARE SUPPORTED BY THE DUE PROCESS CLAU-
SE AND CONSTITUTIONAL LAW. SEE MARKS V. UNITED STATES, 430
U.S. 188, 51 L.Ed. 2d 260, 97 S.CT. 990 (UNITED STATES SUPREME COU-
EXPANDED SCOPE OF PERMISSIBLE DEFINITION OF ILLEGAL OBSCENIT
(INSTRUCTIVE HERE).

MR LEDBETTER ADDITIONALLY ASSERTS THAT THE EX POST FACT
CLAUSE, AND DUE PROCESS CLAUSE, CREATS A JUDICIAL BAR.

Case: 23-3219   Document: 11   Filed: 07/14/2023   Page: 5

WHICH, FOR PURPOSES OF THIS APPEAL, ACTS AS 'JUDICIAL EST-OPPEL' UPON THE GOVERNMENT AND COURTS ALIKE. BECAUSE THROUGH THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT, THE EX POST FACTO CLAUSE PROHIBITS THE GOVERNMENT FROM APPLYING JUDICIAL ACTIONS THAT DEPRIVE A DEFENDANT FROM FAIR NOTICE; WHICH MEANS IN ESSENCE, 'PRIOR NOTICE,' AND THAT ARE "UNEXPECTED AND INDEFENSIBLE BY REFERENCE TO THE LAW WHICH HAD BEEN EXPRESSED PRIOR TO THE CONDUCT IN ISSUE". (QUOTING HALL, GENERAL PRINCIPLES OF CRIMINAL LAW, AT 61 (2d Ed. 1960))(INSTRUCTIVE HERE), IT ALSO PRECLUDES THE GOVERNMENT FROM CIRCUMVENTING SENTENCING PACKAGES, WITHOUT THE BENEFT OF THE DEFENDANT CONTESTING THE CRIMINAL PROCEEDINGS. EXAMPLE BEING, — (A SENTENCE BASED ON THE RESIDUAL CLAUSE'S 'CRIME OF VIOLENCE' FOUNDATION, WHICH DEFINES THAT TERM AS AN OFFENSE THAT "BY THEIR NATURE, INVOLVE A SUBSTANTIAL RISK THAT PHYSICAL FORCE . . . MAY BE USED." UNITED STATES V. DAVIS, 588 U.S. __ (2019)(QUOTING UNITED STATES V. TAYLOR, 596 U.S. __ (2022)(EXPLAINING THE DISTINCTION BETWEEN THE ELEMENTS CLAUSE AND THE RESIDUAL CLAUSE'S CRIMINAL SCOPE), AND WHICH PUNISHES CONDUCT BASED ON THE NATURE OF THE OFFENSE CREATING A SUBSTANTIAL RISK THAT PHYSICAL FORCE MAY BE USED AGAINST A PERSON OR PROPERTY. SEE 924(C)(3)(B). — HAS THE CONSTITUTIONAL PROTECTION TO CHALLENGE THE STATUTE'S APPLICATION AND ENHANCEMENT FACTORS AT FIRST INSTANCE; AND WITHOUT

PG 6.

THAT CHALLENGE SPILLING OVER INTO THE ELEMENTS CLAUSE'S SCOPE OR AMBIT. THUS, A DEFENDANT CAN BE ARRAIGNED ON AN INDICTMENT, CONDUCT PRETRIAL AND TRIAL PROCEEDINGS, AND ALTERNATIVELY BE CONVICTED AND SENTENCED IN LIGHT OF RESIDUAL CLAUSE'S SENTENCING PACKAGE.), NEXT COMPARE, THAT EXACT ANALYSIS, TO THE ELEMENTS CLAUSE'S SENTENCING PACKAGE; WHICH CONTAINS ITS OWN 'CRIME OF VIOLENCE' DEFINITION; AND "AFTER" THE SUPREME COURT'S INVALIDATION OF THE RESIDUAL CLAUSE'S 'CRIME OF VIOLENCE' LANGUAGE; REQUIRED THAT ALL FEDERAL FELONYS QUALIFY AS CRIMES OF VIOLENCE, HAVE AS AN ELEMENT "THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY OF ANOTHER" DAVIS, 588 U.S. — (2019); SEE UNITED STATES V. TAYLOR, 596 U.S. — (2022). THUS, THE EX POST FACTO CLAUSE IS VIOLATED WHEN THE GOVERNMENT FURNISHES A THEORY OF LIABILITY INDEPENDANTLY BASED ON THE RESIDUAL CLAUSE; THEN SWITCHS THEORYS OF LIABILITY TO THE ELEMENTS CLAUSE, WITHOUT A DEFENDANT BEING ABLE TO CHALLENGE THAT APPLICATION OR ENHANCEMENT DUE TO THE GOVERNMENTS STEALTHY ENCROACHMENT. SEE BOYD V. UNITED STATES, 116 US 616, 634-635, 29 L.ed. 746 6 S.CT. 524 (1886 SEE UNITED STATES V. WILTBERGER, 5 WHEAT 76, 96, 5 L.ed. 37, 42; "TH CASE MUST BE A STONG ONE INDEED, WHICH WOULD "JUSTIFY" A COURT IN DEPARTING FROM THE 'PLAIN' MEANING OF WORDS, ESPECIALLY IN A "PENAL ACT", IN SEARCH OF AN INTENTION WHICH THE WORDS THEMSELVES DID NOT SUGGEST. TO "DETERMINE" THAT A CASE IS WITHIN THE "INTENTION" OF A 'STATUTE', ITS 'LANGUAGE' MUST "AUTHORISE" US TO SAY SO. IT WOULD BE DANGEROUS, INDEED, TO CARRY THE PRI

CIPLE, THAT A CASE WHICH IS WITHIN THE <u>REASON</u> OR <u>MISCHIEF</u> OF A <u>STATUTE</u>, IS <u>WITHIN</u> ITS "PROVISIONS," SO FAR AS TO PUNISH A CRIME NOT ENUMERATED IN THE STATUTE, BECAUSE IT IS OF EQUAL ATROCITY, OR OF KINDRED CHARACTER, WITH THOSE WHICH ARE ENUMERATED...." Id. (EMPHASIS ADDED)(UNDERSCORE ADDED); SEE ALSO MCBOYLE V. UNITED STATES, 283 U.S. 25, 75 L.ed. 816, 51 S. CT. 340;

_____

## [STANDARD OF REVIEW]

(JUDICIAL ESTOPPEL: DOCTRINE OF PRECLUSION OF INCONSISTENT POSITIONS.—) JUDICIAL ESTOPPEL IS THE DOCTRINE OF ESTOPPEL, THAT PREVENTS A PARTY FROM CONTRADICTING PREVIOUS DECLARATIONS MADE DURING THE SAME OR AN EARLIER PROCEEDING IF THE CHANGE IN POSITION WOULD ADVERSELY AFFECT THE PROCEEDING OR CONSTITUTE A FRAUD ON THE COURT.

HERE, MR LEDBETTER ASSERTS THAT THE DOCTRINE OF JUDICIAL ESTOPPEL, IS A PROCEDURAL BAR ON THE GOVERNMENT, THAT PRECLUDES THE GOVERNMENT FROM SWITCHING POSITIONS PURSUANT TO THE 'SENTENCING PACKAGE' THAT HE WAS TRIED AND CONVICTED UNDER UNLAWFULLY. THE MOVANT STATES THAT SINCE HIS OFFENSE OF RICO CONSPIRACY, WAS PROSECUTED UNDER THE SUBSTANTIAL RISK FOUNDATION OF THE RESIDUAL CLAUSE OVER A DECIDE AGO, AND THAT CLAUSE IS UNCONSTITUTIONAL NOW; ESTOPPEL AND THE DUE PROCESS CLAUSE 'BARS' THE GOVERNMENT FROM <u>SWAPPING</u> THE "INVALID AND UNCONSTITUTIONAL" SENTENCING PACKAGE OUT, FOR THE STILL LAWFUL 'ELEMENTS CLAUSE' SENTENCING PACKAGE, WITHOUT THE BENEFIT OF A TRIAL OR CHANCE TO BE

PG8.

FOOTNOTE: ADDITIONALLY, MR LEDBETTER STATES THAT IN LIGHT OF THE 'LAW OF CASE' DOCTRINE, JONES V UNITED STATES, 526 U.S. 227, 119 S.CT. 1215, 143 L.ed. 2d 311 (1999) RESOLVES THIS MATTER, WHERE THE MOST HIGH ADDRESSED THE DISTINCTION BETWEEN ELEMENTS OF THE OFFENSE AND SENTENCING FACTORS, REITERATED THAT EVERY ELEMENT OF THE OFFENSE "MUST BE CHARGED IN THE INDICTMENT, SUBMITTED TO A JURY, AND PROVEN BY THE GOVERNMENT BEYOND A REASONABLE DOUBT." Id. 119 S.CT. AT 1219; THEREFORE, THIS COURT OF APPEALS IS CONSTITUTIONALLY "COMPELLED TO 'BAR' ANY 'EX POST FACTO' APPLICATION OF THE 'FORCE CLAUSE' WITHOUT A JURY TRIAL ON THOSE ELEMENTS.

HEARD. WHICH IN EFFECT, ACTS AS A "BILL OF ATTAINDER" THATS PROHIBITED BY THE CONSTITUTION. SEE (U.S. CONSTITUTIONAL ART. I, §9, CL.3; SEE ALSO ART. I, §10, CL.1).

ALSO TO "ALLOWED" THE GOVERNMENT TO <u>CHANGE</u> SENTENCING PACKAGES WITHOUT ANY FORM OF "ADVERSARIAL TESTING" TO THE <u>RETROACTIVE SENTENCING PACKAGE</u>; ACTS IN "<u>EFFECT</u>," AS A "<u>DIRECT ED VERDICT</u>" FOR THE GOVERNMENT; BECAUSE THE GOVERNMENT IS THE <u>ONLY ONE</u> THAT 'BENEFITS' FROM THE COURTS "CIRCUMVENTING" AROUND THE MOVANT'S <u>CONSTITUTIONAL</u> "RIGHTS TO FAIR NOTICE," "RIGHTS TO BE HEARD," AND MOST IMPORTANTLY, "<u>RIGHTS TO PRESENT A COMPLETE DEFENSE</u>". SEE UNITED STATES V. HARRISS, 347 U.S. 612, 617, 98 L.Ed. 989, 996, 74 S.CT. 808; SEE CONNALLY V. GENERAL CONST. CO. 269 U.S. 385, 391, 70 L.Ed. 322, 328, 46 S.CT. 126. SEE ALSO CRANE V. KENTUCKY, 476 U.S. 683, 690, 106 S.CT. 2142, 90 L.Ed. 2d 636 (1986) (EM PHASIS ADDED) (UNDERSCORE ADDED)

## [STATEMENT OF CASE]

MR LEDBETTER WAS CONVICTED BY JURY TRIAL IN 2016, FOR THE PREDICATE OFFENSE OF RICO CONSPIRACY IN VIOLATION OF 1962(D) AND 1963(A) (COUNT 1); AS WELL AS MURDER IN AID OF RACKETEERING (COUNTS 4,9, 29 AND JOINDER OF COUNT 1); MURDER THROUGH USE OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME IN VIOLATION OF 18 U.S.C 924(C), AND (J) (COUNT 10 AND JOINED COUNT 2); CONSP IRACY TO MURDER A WITNESS IN VIOLATION OF 18 U.S.C. 1512 (COUNT 30). AND USE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIO LENCE IN VIOLATION OF 18 U.S.C. 924(C) (COUNT 31).

THE MOVANT WAS CONVICTED AND SENTENCED FOR 9 COUNTS OF

HIS INDICTMENT AND RECEIVED MULTIPLE LIFE SENTENCES AS A RESULT OF THAT CONVICTION.

IN 2019, THE SUPREME COURT DECIDED UNITED STATES VS. DAVIS, 588 U.S. ___ (2019) WHICH INVALIDATED THE UNITED STATES GUIDE-LINES' "RESIDUAL CLAUSE," SENTENCING PACKAGE, AS UNCONSTI-TUTIONALLY VAGUE AND NO LAW. id

HERE, MR LEDBETTER ASSERTS THAT HIS POSITION IN THIS MAT-TER, IS CLEAR AS A MATTER OF LAW; AND THAT THE ONLY ASS-ESSMENT BEFORE THE COURT OF APPEALS IS WHITHER OR NOT, HIS CONVICTION AND SENTENCE WAS COMMITTED UNDER THE UN-LAWFUL STATUTORY ENHANCEMENT PENALTY, (RESIDUAL CLAUSE). THE MOVANT STATES THAT HES ENTITLED TO RELIEF BECAUSE. THE SUPREME COURT WAS EXPLICIT IN IT'S DAVIS RULING; WHICH INSTRUCTED THE COURT OF APPEALS, AND LOWER COURTS, THAT THE RESIDUAL CLAUSE IS A VAGUE LAW AND AS SUCH, NO LAW AT ALL. SEE UNITED STATES V. DAVIS, 139 S.CT. 2319, 204 L.Ed. 2d 757 (2019). THUS, A CONVICTION AND SENTENCE PREMISED ON THE BASIS OF THE RESIDUAL CLAUSE (PER SE), IS ILLEGAL, AND CAN'T HOLD ANY FORCE OF LAW, OR AFFIRM A CONVICTION BASED ON ITS APPLICATION. SEE GARCIA V. UNITED STATES, NO. 19-14374 (11TH CIR. JAN 8, 2021).

---

## [CAUSE OF ACTION]

I.) MR LEDBETTER NOW SEEKS RELIEF FROM HIS CONVICTION AND SENTENCE, DUE TO THE GOVERNMENT SECURING AN CONVICTION

AGAINST THE MOVANT. THAT WAS UNCONSTITUTIONAL AND ILLEG-
AL IN APPLICATION.

IN LIGHT OF STRUCTURAL ERRORS, MR LEDBETTER STATES THAT
HIS CONVICTION AND SENTENCE UNDER THE RESIDUAL CLAUSE IS
VOID AND THAT THE SENTENCING COURTS HAD NO JURISDICTION
OF THE CAUSES, BECAUSE "IF THE LAWS ARE UNCONSTITUTIONAL
AND VOID, THE CIRCUIT COURT ACQUIRED NO JURISDICTION OF THE
CAUSES". EX PARTE SIEBOLD, AT 376-377, 25 L.Ed. 717 (1880); HE ALSO
POINTS OUT THAT WHERE HIS ENTIRE "CRIMINAL PROCEDURE", AND
"TRIAL PROCESS" COMMENCED ON THE "CONDUCT BASED" APPROACH,
THE DAMAGE IS DONE.—

MEANING IN OTHER WORDS, THE SUBSTANTIVE LINE HAS BEEN CRO-
SSED, AND CAN'T BE UNDONE AFTER THE RESIDUAL CLAUSE'S SEN-
TENCING APPLICATION IS ATTACHED AND ENFORCED! THIS IS BECAUSE
THE DUE PROCESS CLAUSE PROTECTS CRIMINAL DEFENDANTS AGAINST
ANALOGOUS JUDICIAL ACTION. CALIFORNIA DEPT. OF CORRECTIONS V.
MORALES, — U.S. —, —, 115 S.CT. 1597, 1601, 131 L.Ed. 2d 588 (1995); SEE
UNITED STATES V. MOREHEAD, 959 F.2d 1489, 1511 (10TH CIR. 1992). THERE-
FORE THE GOVERNMENT IS PROHIBITED BY THE 5TH AND 14TH AMEND-
MENT'S DUE PROCESS BAR AGAINST EX POST FACTO LAWS OR ACTIONS
OF STATUTORY CONSTRUCTION THAT RETROACTIVELY PRODUCES THE SAME
JUDICIAL ACTIONS BY EFFECT. SEE CONSTITUTIONAL LAW 513; SEE CON-
STITUTIONAL LAW 786;

PG 11

[RESIDUAL CLAUSE ILLEGAL]

IN UNITED STATES V. DAVIS, THE SUPREME COURT HELD THAT THE
RESIDUAL CLAUSE IN THE UNITED STATES SENTENCING GUIDELINES

IS UNCONSTITUTIONALLY VAGUE AND CAN HOLD NO WEIGHT OF
LAW. Id., THE DAVIS MANDATE BY THE MOST HIGH, IS A CONSTIT-
UTIONALLY COMPELLED 'NEW RULE OF CONSTITUTIONAL LAW' TO
BE APPLIED TO ALL CASES PENDING ON DIRECT REVIEW AND TO
ALL CASES THAT WERE FINAL AT THE TIME OF THE COURT'S
ANNOUNCEMENT. WELCH V. UNITED STATES, 578 U.S. 120, 129, 136 S. CT.
1257, 194 L. Ed. 2d 387 (2016); SEE IN RE FRANKLIN, 950 F. 3d 909, 911
(6TH CIR. 2020)(APPLYING DAVIS IN POST CONVICTION PROCEEDING): SEE
UNITED STATES V. DAVIS, 139 S. CT. 2319, 204 L. Ed. 2d 757 (2019).
HERE, IN THIS MATTER, AND FOR THE PURPOSE OF THE RELIEF
SOUGHT BY THE MOVANT,— ITS 'UNDISPUTABLE' THAT THE RESID-
UAL CLAUSE OF THE SENTENCING GUIDELINES HAS BEEN HELD
AS UNCONSTITUTIONALLY VAGUE AND NO LAW..
THUS, LEAVING ONLY ONE TASK FOR THIS COURT OF APPEALS TO
CONCLUDE AND ASSESS — " WAS MR LEDBETTER SENTENCED
UNDER THE RESIDUAL CLAUSE ?"
THE ANSWER TO THAT QUESTION IS AN ABSOLUTE "YES". AND
THE REASON WHY BECOMES PELLUCID WHEN THIS COURT ANA-
LYZES THE MOVANT'S CRIMINAL OFFENSES OF RICO CONSPIRACY
AND CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE.
TWO OFFENSES THAT BY "ITS NATURE, INVOLVES A SUBSTANTIAL
RISK THAT PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY
OF ANOTHER MAY BE USED IN THE COURSE OF COMMITTING THE OFF
ENSE." SEE 16 (B), SEE 924 (C)(3)(B); SEE ALSO JONES V. UNITED
STATES, NO. 20-2067 (JULY 5, 2022)(JUDICIAL NOTICE THAT CONSP-
IRACY ONLY QUALIFIES AS A CRIME OF VIOLENCE UNDER THE RESI-

PG12

DUAL CLAUSE). SEE ALSO GENERALLY UNITED STATES V. BARRETT, 937 F.3d 126 (2d CIR. 2019)(DAVIS ABROGATED ALTERNATIVE HOLDING THAT A CONSPIRACY TO COMMIT A CRIME OF VIOLENCE IS ITSELF A CRIME OF VIOLENCE UNDER THE RESIDUAL CLAUSE).

MR LEDBETTER STATES THAT THE DOCTRINE OF STARE DECISIS, REQUIRES THIS COURT TO TAKE 'JUDICIAL NOTICE' OF THE FACT THAT "CONSPIRACY" OFFENSES; ONLY QUALIFY AS CRIMES OF VIOLENCE UNDER THE RESIDUAL CLAUSE'S CONDUCT BASED APPROACH; BE-CAUSE THE ACT OF CONSPIRING WITH ANOTHER PERSON ONLY CENT-ERS AROUND AN AGREEMENT TO COMMIT A CRIME, THAT AGREEMENT CAN BE COMMITTED IN A HOST OF NONE VIOLENT WAYS. AS THE ELEVENTH CIRCUIT COURT OF APPEALS TOOK 'JUDICIAL NOTICE' OF IN UNITED STATES V. BROWN, WHERE THE COURTS REASONED, "APPLYING THE CATEGORICAL APPROACH TO THESE ELEMENTS REQUIRES US TO REVERSE THE DISTRICT COURT'S DENIAL OF BROWN'S 2255 PETITION NEITHER AN AGREEMENT TO COMMIT A CRIME NOR A DEFENDANT'S KNOWLEDGE OF THE CONSPIRATORIAL GOAL NECESSITATES THE EXIST-ENCE OF A THREAT OR ATTEMPT TO USE FORCE. THE SAME GOES FOR THE FINAL ELEMENT—A DEFENDANT'S VOLUNTARY PARTICIPATION THAT FURTHERS THE GOAL OF COMMITTING HOBBS ACT ROBBERY—BECAUSE A DEFENDANT'S VOLUNTARY PARTICIPATION MAY MANIFEST ITSELF IN ANY ONE OF COUNTLESS NON-VIOLENT WAYS." 942 F.3d 1069 (2019)(INSTRUCTIV HERE).

WHILE THE MOVANT WILL BE THE FIRST ONE TO POINT OUT THAT THE BROWN CASE INVOLVED THE COURTS TO INTERPRET THE OFFENSE OF CONSPIRACY TO COMMIT HOBBS ACT ROBBERY. HE ASSERTS THAT THE ELEVENTH CIRCUIT'S STATUTORY CONSTRUCTION AND ITS RATIONAL IN THE

BROWN CASE IS INSTRUCTIVE HERE; WHERE THE ONLY QUESTION PUT BEFORE THE COURT IS IF MR LEDBETTER'S CONVICTION AND SENTENCE UNDER THE RESIDUAL CLAUSE IS LAWFUL.

THAT TASK SHOULD BE A WALK IN THE PARK FOR THIS COURT, BEING THAT; (1) THE SUPREME COURT ESTABLISHED THAT THE RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE AND FAILS TO GIVE PEOPLE FAIR WARNING OF THE CONDUCT THAT THE LAW PUNISHES. DAVIS, 139 S.CT. AT 2336. THUS, ESTABLISHING BY LAWFUL AUTHORITY, THAT THE CRIMINAL ENHANCEMENT PENALTY OF THE RESIDUAL CLAUSE VIOLATES THE DUE PROCESS CLAUSE OF THE 5TH, 6TH AND 14TH AMENDMENTS BY RIGHTS TO FAIR NOTICE. —

(2) MR LEDBETTER'S CONSPIRACY OFFENSES; SUCH AS CONSPIRACY TO COMMIT RACKETEERING ACTIVITY, AND CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE; WERE 'PROCESSED' DURING HIS CRIMINAL PROCEDURE UNDER THE RESIDUAL CLAUSE'S INVALID "ORDINARY RISK" FOUNDATION. THAT HIS CONSPIRACY OFFENSE WOULD POSE BY THE MERE "NATURE" OF THE OFFENSE BEING COMMITTED. IN OTHER WORDS, AT THE TIME OF THE MOVANT'S CONVICTION AND SENTENCE, THE GOVERNMENT "COMMITTED" THAT "SENTENCING APPLICATION" TO THE RESIDUAL CLAUSE'S SUBSTANTIAL RISK FACTOR (RISK-CLAUSE) (EMPHASIS ADDED). —

(3) THE CONSPIRACY ELEMENT OF, "AGREEMENT" CAN'T QUALIFY AS HAVING THE ELEMENTS OF "USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE," AS DEMANDED BY THE (FORCE-CLAUSE),

SEE UNITED STATES V. DAVIS, 588 U.S. AT \_ \_ (SLIP OP., AT S-7); " AN EVEN MORE FUNDAMENTAL AND BY NOW FAMILIAR PROBLEM LURKS HERE. THE GOVERNMENT'S THEORY CANNOT BE SQUARED WITH THE STAT- UTE'S TERMS. TO DETERMINE WHETHER A FEDERAL FELONY QUALIFIES AS A CRIME OF VIOLENCE, 924(C)(3)(A) DOESN'T ASK WHETHER THE CRIME IS SOMETIMES OR EVEN USUALLY ASSOCIATED WITH COMMUNI- CATED THREATS OF FORCE (OR, FOR THAT MATTER, WITH THE ACTUAL OR ATTEMPTED USE OF FORCE). IT ASKS WHETHER THE GOVERNMENT MUST PROVE, AS AN ELEMENT OF ITS CASE, THE USE, ATTEMPTED USE, OR THREATENED USE OF FORCE." (QUOTING U.S. V. TAYLOR, 596 U.S. \_ (2022 VERBATIM)). \_

(4) MR LEDBETTER'S RIGHTS TO FAIR NOTICE REQUIRES A REVERSAL OF HIS CONVICTION; WHERE, AS HERE, THE MOVANT'S SENTENCING PACKAGE BECAME UNCONSTITUTIONAL IN ITS APPLICATION, AND THE RESULT FROM THAT RETROACTIVE APPLICATION, DEPRIVED THE DEFEND ANT OF HIS OPPORTUNITY TO CONTEST THE ACTION AT FIRST INSTANCE EXAMPLE BEING \_ A CONVICTION BASED ON THE 'GENERAL' CRIME OF VIOLENCE" EXPRESSED IN THE RESIDUAL CLAUSE'S RISK CLAUSE, WHICH CONSTITUTIONAL AMBIT COVERS "OFFENSES" THAT ORDINARYLY CAUSE A SUBSTANTIAL RISK THAT PHYSICAL FORCE 'MAY BE' USED IN COMMIT TING THE OFFENSE. . . COMPARED TO, A CONVICTION FOUNDED ON TH ELEMENTS CLAUSE'S 'CRIME OF VIOLENCE' BANNER, WHICH MUST, GIVE NOTICE TO A DEFENDANT THAT THEIR CONDUCT VIOLATES "THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE " ELEME WHICH 'CONSTITUTES' THE ACTUS REUS OF THE CRIMINAL OFFENSE CHA GED. SEE J.W. CECIL TURNER, KENNY'S OUTLINES OF CRIMINAL LAW 13 (

TH Ed. 1952). SEE ALSO CRIMINAL LAW 26. C.J.S. CRIMINAL LAW §§
44-45, 1110. —

(5) SINCE THE LAW DEVELOPED TO THE POINT OF STRIKING THE
'RESIDUAL CLAUSE' FROM THE U.S. SENTENCING GUIDELINES; AND
THE MOVANT'S CONVICTION AND SENTENCING UNDER THE CONDUCT-
BASED APPROACH — AKA (RESIDUAL CLAUSE), AKA (RISK CLAUSE),
WAS BASED ON THAT INFIRMITY. IT BECOMES A MISCARRIAGE OF
JUSTICE TO IGNORE THAT THE MOVANT'S SENTENCE WAS ISSUED
CONTRARY TO THE LAWS OF THE UNITED STATES SUPREME COURT.
SEE SCHLUP V. DELO, 513 U.S. 298, 327, 115 S.CT. 851, 130 L.Ed. 2d 808
(1995), AND THAT MR LEDBETTER'S CONVICTION IS ONE OF ACTUAL
INNOCENCE. SEE KAMAHELE V. UNITED STATES, 2023 U.S. LEXIS 376 (U.S.,
JAN. 9, 2023); SEE BORDEN V. UNITED STATES, 141 S.CT. 1817, 210 L.Ed. 2d
63 (2021).

(6) MR LEDBETTER IS ENTITLED TO RELIEF BY LAW, BECAUSE THE
CONDUCT BASED APPROACH INVALIDATED HIS GRAND JURY PROCE-
DURE, WHICH WAS BASED ON THE FALSE PRETENSE THAT THE
OFFENSE OF CONSPIRACY IN AID OF RACKETEERING WAS A 'CRIME
OF VIOLENCE' PER SE.. AS WELL AS THE 'FALSE PRETENSE' THAT
A CRIMINAL OFFENSE WITH A 'MENS REA' OF "RECKLESSNESS" IS A
CRIME OF VIOLENCE. BORDEN V. UNITED STATES, 141 S.CT. 1817, 210 L.Ed.
2d 63 (2021).

[EX POST FACTO LAWS]

MR LEDBETTER ASSERTS THAT THE UNITED STATES CONSTITUTION,

PG 16

PROHIBITS AND BARS THE GOVERNMENT FROM ENFORCING ANY LAWS RETROACTIVELY WITHOUT FIRST GIVING THE DEFENDANT A RIGHT TO FAIR NOTICE. SEE CONSTITUTIONAL LAW 73 - EX POST FACTO LAWS! WHICH INSTRUCTS, "AN EX POST FACTO LAW IS ONE THAT MAKES AN ACTION DONE BEFORE THE PASSING OF THE LAW, AND WHICH WAS INNOCENT WHEN DONE, CRIMINAL, AND PUNISHES SUCH ACTION, OR ONE THAT AGG - RAVATES A CRIME, OR MAKES IT GREATER THAN IT WAS WHEN COMMIT - TED." SEE U.S. CONSTITUTIONAL ARTICLE 1, §10; SEE ALSO CONSTITUTIONAL LAW §75 - EX POST FACTO LAW - DECISIONS OF COURTS. "AN UNFORE - SEEABLE JUDICIAL ENLARGEMENT OF A CRIMINAL STATUTE, APPLIED RETROACTIVELY, OPERATES PRECISELY LIKE AN EX POST FACTO LAW, SUCH AS ARTICLE 1, §10, OF THE FEDERAL CONSTITUTION FORBIDS; THE PRINCIPLE THAT THE REQUIRED CRIMINAL LAW MUST HAVE EXISTED WHEN THE CON DUCT IN ISSUE OCCURRED APPLIES TO BAR RETROACTIVE CRIMINAL PRO- HIBITIONS EMANATING FROM COURTS AS WELL AS FROM LEGISLATURES.

HERE, IN THIS MATTER BEFORE THE COURTS, MR LEDBETTER INVOKES THE CONSTITUTIONAL BAR OF THE EX POST FACTO CLAUSE AGAINST THE GOVERNMENTAL ACTION OF 'SWITCHING' SENTENCING PACKAGES, FROM THE UNCONSTITUTIONAL "RESIDUAL CLAUSE" TO THAT OF THE "ELEMENTS CLAUSE" WITHOUT PRIOR WARNING OR OPPORTUNITY TO CHALLENGE THE NEW SENTENCING APPLICATION IN OPEN COURT. THUS, DENYING THE DEF ENDANT HIS DUE PROCESS OF LAW, RIGHTS TO A PUBLIC TRIAL, AND 6TH AMENDMENT RIGHTS TO BE INFORMED OF THE 'NATURE' OF THE CHARGES AND ACCUSATIONS AGAINST HIM. SEE U.S. CONSTITUTIONAL AMENDMENT VI.

THE MOVANT ASSERTS THAT ADDITIONALLY, TO ALLOWED THE GOVERN

MENT TO RETROACTIVELY CHANGE SENTENCING PACKAGES WITHOUT ANY WARNING OR ADVERSARIAL TESTING WOULD "CONFLICT WITH A FUNDAMENTAL PRECEPT OF OUR SYSTEM OF JUSTICE," BECAUSE AS THE SUPREME COURT RECOGNIZED IN POLK CTY. V. DODSON, "OUR COUNTRY'S LEGAL SYSTEM ASSUMES THAT ADVERSARIAL TESTING WILL ULTIMATELY ADVANCE THE PUBLIC INTEREST IN TRUTH AND FAIRNESS." 454 U.S. 312, 318, 102 S.CT. 445, 70 L. ed. 2d 509 (1981).

ALSO TO ALLOWED THE GOVERNMENT TO PROCEED ONE WAY, UNDER PROSECUTION AND TO THE POINT OF FINALITY; THEN TURN AROUND AFTER 'THAT' PROSECUTION OR PROCEDURE, WHICH THE MOVANT HAD THE BENEFIT OF CHALLENGING, BECOMES UNCONSTITUTIONAL; SWITCH SENTENCING ENHANCEMENT PACKAGES WITHOUT NOTICE OR AN OPPORTUNITY TO CHALLENGE THAT 'PARTICULAR' STATUTORY PENALTY IN A PRETRIAL OR TRIAL PROCEDURE, "ACTS" EXACTLY AS A "BILL OF ATTAINDER" BY EFFECT AND PURPOSE, BECAUSE THE MOVANT IS DENIED HIS FUNDAMENTAL RIGHTS TO BE HEARD AND HAVE A TRIAL BY JURY OF HIS PEERS. SEE ATTAINDER (1). AT COMMON LAW, THE ACT OF EXTINGUISHING A PERSON'S CIVIL RIGHTS WHEN THAT PERSON IS SENTENCED TO DEATH OR DECLARED AN OUTLAW FOR COMMITTING A FELONY OR TREASON: HENRY CAMPBELL BLACK, DICTIONARY OF LAW, 7TH ed ; SEE ALSO BILL OF ATTAINDER. 1) A SPECIAL LEGISLATIVE ACT THAT IMPOSES A DEATH SENTENCE ON A PERSON WITHOUT A TRIAL. 2) A SPECIAL LEGISLATIVE ACT PRESCRIBING PUNISHMENT, WITHOUT A TRIAL, FOR A SPECIFIC PERSON OR GROUP. ● BILLS OF ATTAINDER ARE PROHIBITED BY THE U.S. CONSTITUTION (ART. I, §9, C1.3; ART. I, §10, C1.1). HENRY CAMPBELL BLACK, DICTIONARY OF LAW, 7TH ed ; SEE CONSTITUTIONAL LAW 82.5. C.J.S. CONSTITUTIONAL LAW

§§ 429-431; IN OTHER WORDS, THIS COURT IS CONSTITUTIONALLY COMPELL-
ED FROM CONSIDERING THE ELEMENTS CLAUSE APPLICATION IN THIS APP-
EAL, SINCE MR LEDBETTER'S CRIMINAL PROCEDURE WAS PROCESSED,
TRIED, AND SENTENCED UNDER THE CONDUCT-BASED APPROACH OF
THE RESIDUAL CLAUSE., AS EXPLAINED SUPRA IN THIS MOTION. THUS,
RELIEF IS MANDATORY IN THIS MATTER, DUE TO THE STRUCTUAL NAT-
URE OF THE ERROR; WHICH UNLAWFULLY, IF UNCONSTITUTIONAL, CIRCUM-
VENTED MR LEDBETTER'S 'ENTIRE' CRIMINIAL PROCEDURE. SINCE IN FACT,
THE RESIDUAL CLAUSE IS OF NO LAW AND CONTAINS NO WEIGHT OF LAW.
SEE UNITED STATES V. DAVIS, 588 U.S. __(2019); SEE UNITED STATES V.
TAYLOR, 596 U.S. __(2022).

## [JUDICIAL ESTOPPEL]

WHILE THE LEGAL DOCTRINES OF 'EX POST FACTO' AND 'BILL OF ATTAINDER',
EACH PLAY AN IMPORTANT ROLL IN THE WORLD OF LAW, THAT BARS
THE GOVERNMENT FROM OBTAINING CERTAIN SUBSTANTIVE OR PROC-
EDURAL ADVANTAGES, OVER CRIMINAL DEFENDANTS LIKE THE MOVANT,
THAT INFRINGES ON, OR SUPPRESSES THEIR CONSTITUTIONAL RIGHTS.
OTHER DOCTRINES SUCH AS JUDICIAL ESTOPPEL, IS A BAR THAT PREVENT
THE GOVERNMENT FROM ASSERTING A CLAIM OR RIGHT THATS CONTRARY
TO WHAT WAS SAID OR DONE EARLIER OR LEGALLY BEEN ESTABLISHED
AS TRUE. SEE ESTOPPEL 52-59. C.J.S. ESTOPPEL §§ 2-4, 58-64, 66-81, 83-8
120-121, 153-155, 157, 159-160, 167;
HERE, IN MR LEDBETTER'S CASE, THE MOVANT INVOKES THE BAR OF
JUDICIAL ESTOPPEL TO PREVENT THE GOVERNMENT FROM SWITCHING
POSITIONS AND NOW CLAIMING THAT MR LEDBETTER'S SENTENCE AND
CONVICTION QUALIFIES UNDER THE ELEMENTS CLAUSE.

THATS BECAUSE TO ALLOW THE GOVERNMENT TO ADVANCE AND
CAPITALIZE, OFF OF A POSITION THAT IT WAIVED BY OMISSION AT
THE DISTRICT COURT STAGE; WOULD UNFAIRLY PREJUDICE HIS
APPEAL PROCESS AND VIOLATE DUE PROCESS RIGHTS TO FAIR NOTICE,
AND LIBERTY INTEREST TO A FAIR PROCEDURE. SEE UNITED STATES
V. L. COHEN GROCERY CO. 255 U.S. 81, 65 L.Ed. 516, 14 A.L.R. 1045, 41 SUP. CT.
REP. 298; SEE IN RE NIELSEN, 131 U.S. 176, 183, 9 S.CT. 672, 33 L.Ed. 118 (1889).
THE GOVERNMENT NEVER CHARGED IN MR. LEDBETTER'S INDICT-
MENT THAT HE USE , ATTEMPTED USE, OR THREATENED USE OF
PHYSICAL FORCE IN — "AID OF RACKETEERING" OR "CONSPIRACY TO USE,
ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE." ELEMENTS,
THAT MUST BE INCLUDED IN THE INDICTMENT AND PLACED BEFORE
A JURY. SEE APPRENDI V. NEW JERSAY, 530 U.S. 466, 490, 120 S.CT. 2348,
147 L.Ed. 2d 435 (2000); SEE ALSO ALLEYNE V. UNITED STATES, 570 U.S.
99, 112, 133 S.CT. 2151, 186 L.Ed. 2d 314 (2013); THUS, BEING THE NUMBER
ONE SIGN TO THIS COURT THAT THE GOVERNMENT DIDN'T INTEND,
OR WANT TO PROCESS, MR. LEDBETTER'S CONSPIRACY OFFENSES
UNDER THE 'ELEMENTS CLAUSE' AT THE TIME OF THE MOVANT'S
INITIAL CRIMINAL PROCESS.
CONSEQUENTLY, NOW WITH A STRAIGHT FORWARD CHALLENGE TO
THE LAWFULNESS OF HIS CONVICTION AND SENTENCE UNDER THE
RESIDUAL CLAUSE, THE GOVERNMENT IS BARRED BY JUDICIAL
ESTOPPEL FROM SEEKING FURTHER RESTRAINTS AGAINST THE
MOVANT'S LIBERTY INTEREST IN LIGHT OF THE RESIDUAL CLAUSE
BEING ILLEGAL AND UNCONSTITUTIONAL. MEANING IN OTHER WORDS,
THAT RELIEF BY DISMISSAL OF HIS INDICTMENT IN THIS MATTER

IS CONSTITUTIONALLY COMPELLED UPON THIS COURT, BECAUSE AS A RULE OF LAW, "IT IS EMPHATICALLY THE PROVINCE AND DUTY OF THE JUDICIAL DEPARTMENT TO SAY WHAT THE LAW IS." SEE MARBURY V. MADISON, 5 U.S. 137, 177, 2 L. Ed. 60 (1803), AS WELL AS THE DUTY OF THE COURTS TO SAY WHAT IS NOT THE LAW. SEE THE FEDERALIST NO. 78. ("IF TWO LAWS CONFLICT WITH EACH OTHER, THE COURTS MUST DECIDE ON THE OPERATION OF EACH")(QUOTING MARBURY, 5 U.S. AT 177). SEE ALSO STATUTES §185 (THE PRINCIPLE THAT A CASE WHICH IS WITHIN THE REASON OR MISCHIEF OF A STATUTE IS WITHIN ITS PROVISIONS CANNOT BE CARRIED SO FAR AS TO PUNISH A CRIME NOT ENUMERATED IN A STATUTE, BECAUSE IT IS OF EQUAL ATROCITY, OR OF KINDRED CHARACTER, WITH THOSE WHICH ARE ENUMERATED) id.

HERE, MR LEDBETTER LAWFULLY REASONS, THAT SINCE THE BAR OF ESTOPPEL, PRECLUDES THE GOVERNMENT FROM MAKING A PLEA TO THE ELEMENTS CLAUSE, NOW THAT THE RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE, IN ITS APPLICATION, AND AS APPLIED TO TH SENTENCE PACKAGE MR LEDBETTER RECEIVED. THIS ENTITLING HIM TO IMMEDIATE RELIEF AND STANDINGS TO BE HEARD. FUENTES V. SHEVIN, 407 U.S. 67, 80, 32 L. Ed. 2d 556, 92 S.CT. 1983 (1972). —

[STRUCTURAL ERROR AND EFFECT
UPON CRIMINAL PROCEDURE].

IN LIGHT OF THE PRINCIPLE THAT STRUCTURAL ERRORS REQUIRES AUTOMATIC REVERSAL WITHOUT ANY PREJUDICE SHOWN. SEE, E.G., SULLIVAN, 508 U.S. AT 282, 113 S.CT. AT 2083 (THERE ARE TWO CLASSES OF CONSTITUTIONAL ERROR—"TRIAL ERROR" SUBJECT TO HARMLESS ERROR ANALYSIS, AND "STRUCTURAL ERROR" REQUIRING AUTOMATIC REVERSAL)

(REHNQUIST, C.J., CONCURRING). SEE ROSE V. CLARK, 478 U.S. 570, 578, 106 S.CT. 3101, 3106, 92 L.Ed. 2d 460 (1986). SEE ALSO SANDSTROM V. MONTANA, 442 U.S. 510, 523-24, 99 S.CT. 2450, 2458-59, 61 L.Ed. 2d 39 (1979).

MR LEDBETTER ASSERTS THAT HIS CONVICTION AND SENTENCING UNDER THE 'FALSE PRETENSE', THAT RICO CONSPIRACY, OR CONSPIRACY TO AID IN RACKETEERING ACTIVITY, WERE CRIMES OF VIOLENCE; BEFORE UNITED STATES V. DAVIS, 588 U.S.__(2019), INVALIDATED THE RESIDUAL CLAUSE; REQUIRES 'AUTOMATIC REVERSAL' HERE IN THIS MATTER, WHERE THE STRUCTURAL NATURE AND ESSENCE OF THE ERROR HINDERED THE MOVANT'S ENTIRE CRIMINAL PROCEEDINGS THAT WORKED IN FAVOR OF THE GOVERNMENT BY:

1) THE OMISSION OF QUALIFYING ELEMENTS THAT CONSTITUTE AND DEFINE WHAT A CRIME OF VIOLENCE CONNOTES. —

2) GIVING THE COURTS AND GOVERNMENT ALIKE, FALSE 'SUBJECT MATTER JURISDICTION' SINCE THE DAVIS COURT TOOK "JUDICIAL NOTICE" THAT IF A "LAW IS VAGUE NOW, IT HAS ALWAYS BEEN VAGUE. . AND THUS, NO LAW." SEE UNITED STATES V. DAVIS, 588 U.S.__(2019)(INSTRUCTIVE HERE).—

3) SUPPRESSING MR LEDBETTER'S SUBSTANTIAL AND FUNDAMENTAL RIGHTS, SUCH AS, INTER ALIA. . RIGHTS TO FAIR NOTICE, RIGHTS TO DEFEND, RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL, AND RIGHTS TO HAVE A JURY DETERMINE GUILT BEYOND A REASONABLE DOUBT ON EVERY ELEMENT OF A CHARGED OFFENSE. SEE SULLIVAN V. LOUISIANA, 508 U.S. 275, 113 S.CT. 2078, 124 L.Ed. 2d 182 (1993); SEE ALSO UNITED STATES V. GAUDIN, __U.S.__, 115 S.CT. 2310, 132 L.Ed. 2d 444 (1995).

PG22

[STRUCTURAL ERROR AND EFFECT: OMISSION OF ELEMENTS.

MR LEDBETTER ASSERTS THAT IN LIGHT OF SULLIVAN V. LOUISIANA'S PRINCIPLE LAW - 'THE RIGHT TO A JURY DETERMINATION OF GUILT ON EACH ELEMENT OF THE CHARGED OFFENSE BEYOND A REASONABLE DOUBT.' AND ROSE V. CLARK'S PRINCIPLE LAW - "A DIRECTED VERDICT FOR THE PROSECUTION WOULD VIOLATE THE SIXTH AMENDMENT RIGHT TO A JURY TRIAL IN SERIOUS CRIMINAL CASES AND WOULD REQUIRE AUTOMATIC REVERSAL." WHERE THAT RIGHT TO A JURY VERDICT IS ALTOGETHER DENIED, THE STATE CANNOT CONTEND THAT THE DEPRIVATION WAS HARMLESS BECAUSE THE EVIDENCE ESTABLISHED THE DEFENDANT'S GUILT; THE ERROR IN SUCH A CASE IS THAT THE WRONG ENTITY JUDGED THE DEFENDANT GUILTY." 478 U.S. AT 578, 106 S.CT. AT 3106;

HIS CONVICTION AND SENTENCE MUST BE VACATED (PER) SUPREME COURT 'INSTRUCTIONS' AND 'JUDICIAL NOTICE', IN UNITED STATES V. TAYLOR, OF WHAT CONSTITUTES A FEDERAL FELONY TO BE A CRIME OF VIOLENCE... "TO DETERMINE WHETHER A FEDERAL FELONY QUALIFIES AS A CRIME OF VIOLENCE, §924(c)(3)(A) DOESN'T ASK WHETHER THE CRIME IS SOMETIMES OR EVEN USUALLY ASSOCIATED WITH COMMUNICATED THREATS OF FORCE (OR, FOR THAT MATTER, WITH THE ACTUAL OR ATTEMPTED USE OF FORCE). IT ASKS WHETHER THE GOVERNMENT MUST PROVE, AS AN ELEMENT OF ITS CASE, THE USE, ATTEMPTED USE, OR THREATENED USE OF FORCE". (QUOTING U.S. V. TAYLOR, 596 US. __ (2022) INSTRUCTIVE OPINION VERBATIM.

SEE COHENS V. VIRGINIA, 19 U.S. 264, 399, 5 L.Ed. 257 (1821), "WORDS OF OUR OPINIONS ARE TO BE READ IN THE LIGHT OF THE FACTS OF THE CASE UNDER DISCUSSION." ARMOUR AND CO. V. WANTOCK, 323 U.S. 126, 133, 65 S.CT. 165, 89 L.Ed. 118 (1944) (EMPHASIS ADDED).

THATS BECAUSE IN TODAY'S 'STATE OF LAW', THE ONLY WAY FOR MR LEDBETTER'S CONSPIRACY OFFENSES TO QUALIFY AS A "FEDERAL

CRIME OF VIOLENCE," IS IF THEY ALWAYS HAVE AS AN ELEMENT, THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE. AS INSTRUCTED BY THE SUPREME COURT IN DAVIS AND TAYLOR.

HERE, THE MOVANT ASSERTS THAT BECAUSE THE 'ENTIRE' JURISPRUDENCE COGNIZES IN LAW, THAT THE ACT, DEED, OR ACTUS REUS OF AN CONSPIRACY OFFENSE IS AN "AGREEMENT TO COMMIT A CRIME". — THAT FACTOR IS UNDISPUTED, AND IN LIGHT OF THE CURRENT STATE OF SUPREME COURT CASELAW, TELLING HERE; WHERE THE ONLY WAY FOR THE MOVANT'S SENTENCE TO BE LAWFUL, IS BY THE "QUALIFYING" ELEMENTS OF 'USE, ATTEMPTED USE, OR THREATENED USE' — OF PHYSICAL FORCE.

HE REASONS THAT FOR ANY COURT TO KNOW THAT THE DEED, OR ACTUS REUS, OF 'CONSPIRACY', TO BE AN AGREEMENT. — AND THAT THE SUPREME COURT OF THE UNITED STATES (BINDING AUTHORITY), HAS INSTRUCTED LOWER COURTS THAT IN ORDER TO "DETERMINE" IF A FEDERAL FELONY QUALIFIES AS A CRIME OF VIOLENCE, IT MUST HAVE AS AN ELEMENT X, Y, Z. HAS TO TAKE 'JUDICIAL NOTICE' THAT AN "AGREEMENT," NO MATTER THE TERMS, TO COMMIT A 'CRIME OF VIOLENCE', ISN'T WITHIN ITSELF, A "CRIME OF VIOLENCE." BECAUSE AS THE 11TH CIRCUIT NOTICED IN BROWN V. UNITED STATES, WHEN ASSESSING THE ELEMENTS OF CONSPIRACY AFTER THE SUPREME COURT HANDED DOWN DAVIS. THE COURT OF APPEALS STATED: "NEITHER AN AGREEMENT TO COMMIT A CRIME NOR A DEFENDANT'S KNOWLEDGE OF THE CONSPIRATORIAL GOAL NECESSITATES THE EXISTENCE OF A THREAT OR ATTEMPT TO USE FORCE. THE SAME GOES FOR THE FINAL ELEMENT — A DEFENDANT'S VOLUNTARY PARTICIPATION THAT FURTHERS THE GOAL OF COMMITTING HOBBS ACT ROBBERY —

PG24

BECAUSE A DEFENDANT'S VOLUNTARY PARTICIPATION MAY MANIFEST ITSELF IN ANY ONE OF COUNTLESS "NON-VIOLENT WAYS." (QUOTING BROWN V. UNITED STATES, NO. 17-13993. NOV 12, 2019)(VERBATIM)(EMPHASIS ADDED). —

ONCE THAT VERY IMPORTANT FACTOR BECOMES CLEAR TO THE COURTS, IT STARTS TO BECOME OBVIOUS WHERE THE MOVANT IS HEADED IN LIGHT OF HIS STRUCTURAL ERROR ARGUMENT AND ITS EFFECT ON HIS CRIMINAL PROCEDURE.

TO ADDRESS THE ELEPHANT IN THE ROOM, MR LEDBETTER POINTS OUT THE FACT THAT AT THE TIME OF HIS COURT PROCEDURES, BOTH CLAUSE 'ELEMENTS CLAUSE' AND 'RESIDUAL CLAUSE' WERE LAWFUL STATUTORY PENALTYS; WITH EACH CLAUSE HAVING ITS OWN APPLICATION AND FORCE. ONE ATTACHING TO CRIMES COMMITTED WITH THE USE OF DIRECT FORCE WHEN COMMITTING THE OFFENSE (FORCE CLAUSE), AND THE OTHER ONE, (RISK CLAUSE) ATTACHING TO ALL OFFENSES THAT POSE AN SUBSTANTIAL RISK FACTOR THAT PHYSICAL FORCE 'MAY' BE USED IN THE COURSE OF COMMITTING THE OFFENSE. SEE ELEMENT CLAUSE; SEE RESIDUAL CLAUSE DURING MR LEDBETTER'S CRIMINAL PROCEDURE, HIS OFFENSE OF CONSPIRACY TO COMMIT RACKETEERING ACTIVITY WAS LABELED, (GENERALLY) AS A CRIME OF VIOLENCE WITHOUT ANY ELEMENTS OF THE STATUTE BEING INTERPRETED. HE HAD NO CONSTITUTIONAL BASIS TO CHALLENGE HIS CONSPIRACY OFFENSE'S LAWFULNESS UNDER THE RESIDUAL CLAUSE, BECAUSE THE COURTS WERE STILL BEING STUBBORN AND APPLYING THE STATUTE AS A LAWFUL ONE.

AFTER THE SUPREME COURT'S DAVIS RULING, A NUMBER OF CIRCUIT COURT STILL REFUSED TO ACCEPT THE LAW, EVEN A CONSTITUTIONALLY COMPELLED LAW, DUE TO JUDICIAL BIASNESS AND WILLFUL BLINDNESS.

TODAY, MR LEDBETTER REASONS THAT IT WAS AN STRUCTURAL ERROR

OF GREAT MAGNITUDE BY THE GOVERNMENT TO ARRAIGN, PROCESS, AND TRIAL THE DEFENDANT ON A VAGUE LAW THAT WASN'T EVEN A LAW. SEE UNITED STATES V. DAVIS, 588 U.S. ___ (2019)

THE STRUCTURAL ERROR IN THIS MATTER, IS UNDISPUTABLLY; THE FACT THAT MR LEDBETTER WAS PUT THROUGH AN ENTIRE CRIMINAL JUDICIAL SYSTEM OF... BEING "CHARGED, TRIED AND SENTENCED" WITHOUT HAVING THE QUALIFYING ELEMENTS (ACTUS REUS) OF HIS CRIMINAL OFFENSE (CRIME OF VIOLENCE) ASSESSED, INTERPRETED, OR PLACED BEFORE A JURY AS THE SUPREME COURT INSTRUCTED IN APPRENDI V. NEW JERSEY. WHERE THE COURT HELD THAT "TRIAL BY JURY HAS BEEN UNDERSTOOD TO REQUIRE THAT THE 'TRUTH' OF EVERY ACCUSATION, WHETHER PREFERRED IN THE SHAPE OF INDICTMENT, INFORMATION, OR APPEAL, SHOULD AFTERWARDS BE CONFIRMED BY THE UNANIMOUS SUFFRAGE OF THE DEFENDANT'S EQUALS AND NEIGHBORS." Id AT 530 U.S. AT 477 (QUOTING 2 W. BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 343 (1979)(EMPHASIS ADDED): SEE ALSO ALLEYNE V. UNITED STATES, 570 U.S. 99, 114 (2013).

PUT ANOTHER WAY, MR LEDBETTER STATES THAT HIS CONVICTION AND SENTENCE ISSUED UNDER THE RESIDUAL CLAUSE'S PENALTY PACKAGE/SENTENCING PACKAGE, DEPRIVED HIM OF DUE PROCESS OF LAW AND AN OPPORTUNITY TO 'TRIAL BY JURY' ON THE "QUALIFYING ELEMENTS" OF — "USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE" AS NOW DEMANDED IN LAW FOR ANY FEDERAL CRIME OF VIOLENCE. U.S. V. TAYLOR, 596 U.S. ___ (2022)(EMPHASIS ADDED). A CONSIDERATION, MR LEDBETTER POINTS OUT, . . HE DIDN'T RECEIVE FAIR NOTICE OF, OR OPPORTUNITY TO PLACE IN FRONT OF THE JURY'S

Case: 23-3219    Document: 11    Filed: 07/14/2023    Page: 26

DETERMINATION; SEE ROSE V. CLARK, 478 U.S. 570, 578, 106 S.CT. 3101, 3106, 92 L.Ed. 2d 460 (1986); SEE ALSO SULLIVAN V. LOUISIANA, 508 U.S. 275 113 S.CT. 2078, 124 L.Ed. 2d 182 (1993).

MR LEDBETTER, ALSO ADDITIONALLY POINTS OUT THAT HIS UNCON STITUTIONAL SENTENCE, UNDER THE RESIDUAL CLAUSE, UNDISPUTABLY COUNTS AS STRUCTURAL ERROR; BECAUSE AS A VAGUE LAW, THUS, NO LAW AT ALL; DEPRIVED THE DEFENDANT OF HIS 'FUNDAMENTAL' RIGHT TO HAVE THE JURY 'DETERMINE' THE "ELEMENTS" OF HIS OFFENSE — "BEYOND A REASONABLE DOUBT." UNITED STATES V. DAVILA, 569 U.S. 597, 611, 133 S.CT. 2139, 186 L.Ed. 2d 139 (2013). SEE NEDER V. UNITED STATES, 527 U.S. 1, 8, 119 S.CT. 1827, 144 L.Ed. 2d 35 (1999)(EMPHASIS ADDED).

THE SUPREME COURT INSTRUCTED IN ARIZONA V. FULMINANTE, THAT STRUCTURAL ERRORS ARE ERRORS THAT AFFECT THE "ENTIRE CONDUC OF THE PROCEEDING FROM BEGINNING TO END." 499 U.S., AT 309, 111 S.CT. 1246, 113 L.Ed. 2d 302.

HERE, IN MR LEDBETTER'S CASE, THE GOVERNMENT AND COURTS ALIK COMMITTED AN STRUCTURAL ERROR BY PROCESSING HIS CONSPIRACY OFFICES UNDER THE RESIDUAL CLAUSE'S 'RISK CLAUSE' IN ORDER TO CA TURE THE SUBSTANTIAL RISK FACTORS THAT CONSPIRACY TO COMMIT A CRIME OF VIOLENCE WAS INTENDED TO PUNISH. THE MOVANT LAW FULLY ASSERTS THAT THE INVALID CHARGING, CONVICTING, AND SENTE CING UNDER THE RESIDUAL CLAUSE STATUTE, UNDISPUTABLY AFFECTE THE "ENTIRE CONDUCT" OF THE CRIMINAL PROCEEDING. SINCE THE CLAUS AND ITS APPLICATION HAS BEEN STRUCK FROM THE UNITED STATES GUI LINES.

THE MOVANT STATES HIS CONVICTION (PER SE); IS UNCONSTITUTION IN LIGHT OF THE RESIDUAL CLAUSE'S SENTENCING SCHEME (PER SE)

AND THAT SINCE THAT STATUTE IS ILLEGAL NOW, WITH NO FORCE
OF LAW, THE COURTS COMMITTED A STRUCTURAL ERROR JUST
BY APPLICATION OF THE INVALID LAW, THAT DEPRIVED MR LED-
BETTER OF AN OPPORTUNITY TO:

1) HAVE THE ELEMENTS THAT CONSTITUTE A 'CRIME OF VIOLENCE' —
"USE", "ATTEMPTED USE", OR "THREATENED USE" OF "PHYSICAL FORCE"
DETERMINED BY JURY TRIAL AT THE 'FIRST INSTANCE'. (DUE PRO-
CESS, RIGHTS TO FAIR NOTICE, RIGHT TO TRIAL BY JURY). —

2) HAVE THE ELEMENTS OF "USE", "ATTEMPTED USE", OR "THREATENED
USE" OF PHYSICAL FORCE DETERMINED BY A JURY BEYOND A
REASONABLE DOUBT. SEE SULLIVAN V. LOUISIANA, 508 U.S. 275, 113
S. CT. 2078, 124 L. Ed. 2d 182 (1993) "THE DEPRIVATION OF THAT RIGHT
TO BE FOUND GUILTY BEYOND A REASONABLE DOUBT OF EVERY
ELEMENT OF AN OFFENSE, WITH CONSEQUENCES THAT ARE NECESS-
ARILY UNQUANTIFIABLE AND INDETERMINATE, UNQUESTIONABLY QU-
ALIFIES AS 'STRUCTURAL ERROR.'" id AT 281-82, 113 S. CT. AT 2083. —

3) HAVE A PUBLIC TRIAL TO CONTEST THE ELEMENTS CLAUSE'S
SENTENCING SCHEME; TO WHICH ELEMENTS OF 'USE, ATTEMPTED
USE, OR THREATENED USE' OF PHYSICAL FORCE WERE INSTRUCTED
BY THE SUPREME COURT AS MANDATORY QUALIFYING ELEMENTS FOR
A CRIME OF VIOLENCE. SEE UNITED STATES V. TAYLOR, 596 U.S. __ (2022).
SEE UNITED STATES V. DAVIS, 588 U.S. __ (2019). —

4) FAIR NOTICE OF THE NATURE AND CHARGE OF THE ACCUSAT-
IONS AGAINST HIM. SEE U.S. CONSTITUTIONAL AMEND VI; AND A

PG 28.

CHANCE AT FIRST INSTANCE TO CONTEST THE GOVERNMENT'S JUR-
ISDICTIONAL AUTHORITY IN LIGHT OF DAVIS'S NEW RULE OF CONSTIT-
UTIONAL LAW. —

[JUDICIAL NOTICE]

LAST BUT NOT LEAST, MR LEDBETTER STATES THAT THE DOCTRINE OF
JUDICIAL NOTICE, WILL HELP THIS COURT OF APPEALS COGNIZE THE
FOLLOWING FACTS:

1) THE SUPREME COURT ANNOUNCED THAT THE RESIDUAL CLAUSE
IS UNCONSTITUTIONALLY VAGUE AND CAN'T HOLD OR ENFORCE LAW
ANYMORE AFTER UNITED STATES V. DAVIS, 588 U.S. __ (2019). SEE FED.
R. EVID. 201 (B)(2) AND (c)(2) —

2) THE GOVERNMENT IN BOTH CASES OF THE SUPREME COURT; U.S. V.
DAVIS, 588 U.S. __ (2019) AND U.S. V. TAYLOR, 596 U.S. __ (2022), CONCEDE
THAT 'CONSPIRACY TO COMMIT' OFFENSES, CAN'T CATEGORICALLY QUA-
IFY AS A CRIME OF VIOLENCE UNDER THE ELEMENTS CLAUSE; BECAUSE
THE ACT AND ELEMENTS OF CONSPIRACY, WHICH CENTER AROUND AN
"AGREEMENT," DOESN'T HAVE AS AN ELEMENT THE USE, ATTEMPTED
USE, OR THREATENED USE OF PHYSICAL FORCE. SEE FED. R. EVID. 201(A)
(1) AND (c)(2) —

3) THE NEW RULE OF CONSTITUTIONAL LAW ANNOUNCED IN DAVIS,
INVALIDATED CONSPIRACY OFFENSES AS CRIMES OF VIOLENCE UNDER
THE RESIDUAL CLAUSE DUE TO VAGUENESS OF THE STATUTE. —

PG.29.

4) CONSPIRACY OFFENSES SUCH AS 'CONSPIRACY IN AID OF RACKET-
EERING ACTIVITY' ONLY QUALIFIES AS CRIMES OF VIOLENCE IN LIGHT
OF THE RESIDUAL CLAUSE'S RISK CLAUSE. FED. R. EVID. 201 (A)(1) AND

(c)(2).

MR. LEDBETTER ALSO REQUESTS AN OPPORTUNITY TO BE HEARD
IN OPEN COURT ON THIS MATTER, SO THAT HE MAY PROPERLY DE-
FEND HIS SUBSTANTIAL AND SUBSTANTIVE RIGHTS, AS WELL AS
PROTECT HIS LIBERTY INTEREST. SEE FED. R. EVID. 201 (C)(2), (D)(E).

## [PLAIN ERROR REVIEW]

RULE 52(B): PLAIN ERROR.

THE MOVANT ADDS THIS 'PLAIN ERROR' PLEADING TO HIS MOTION
OUT OF CAUTION, BUT QUICKLY STATES THAT PLAIN ERROR DOESN'T
AFFORD HIM ANY JUSTICE IN THIS APPEAL, BECAUSE THE "STRUCT-
URAL NATURE" OF THE 'INJURY' TO HIS COURT PROCEEDING WITH THE
RESIDUAL CLAUSE'S "APPLICATION" ISN'T IN THE SCOPE OF PLAIN ERROR
REVIEW.

HE REQUESTS AND INVOKES RULE 51'S ENFORCEMENT THAT PROSCRIBES
"IF A PARTY HAS NO OPPORTUNITY TO OBJECT TO A RULING OR ORDER,
THE ABSENCE OF AN OBJECTION DOES NOT THEREAFTER PREJUDICE
THAT PARTY." (QUOTING FED. R. CRIM. P. 51). AND ADDITIONALLY REQU-
EST THAT HIS 'PLAIN ERROR' CLAIM BE 'ASSESSED' UNDER THE HARM-
LESS ERROR REVIEW STANDARD, IN LIGHT OF MR LEDBETTER NOT
HAVING THE OPPORTUNITY TO OBJECT TO THE "ELEMENTS CLAUSE"
AND ITS APPLICATION, AS THE THEN 'STATE OF LAW' FORECLOSED A
DIRECT CHALLENGE OF "CONSPIRACY VS. ELEMENTS CLAUSE" OR AT
THE VERY LEAST, A CHALLENGE OF "CONSPIRACY VS. RESIDUAL CLAUSE."
THEREFORE, IT WOULD BE IMPROPER OF THE COURTS AND AGAIN-
ST THE INTENTIONS OF RULE 51 SPIRIT TO PENALIZE THE MOVANT
PG 30.

Page: 30   Filed: 07/14/2023   Document: 11   Case: 23-3219

FOR HIM NOT BEING ABLE TO OBJECT TO A RULE OR LAW THAT WAS N'T ISSUED AT THE TIME OF HIS CRIMINAL PROCEEDING.

MR LEDBETTER REASONS THAT AN HARMLESS ERROR REVIEW WOUL BE JUSTFUL AND EVEN HANDED IN THIS MATTER, BECAUSE IT WOULD REQUIRE THE GOVERNMENT TO SHED SOME LIGHT INTO THEIR OWN PROSECUTORIAL HABITS, A PARTY BEST SUITED FOR THAT TASK! NEVER THE LESS, THE MOVANT ASSERTS THAT HE'S ENTITLED TO RELIEF UND – ER ANY GROUND, OR PRINCIPLE, SET FORTH IN THIS RULE 52 APPLICATION. BECAUSE THIS COURT OF APPEALS IS "<u>PROHIBITED</u>" BY <u>LAW</u> AND THE <u>PRIN</u> <u>CIPLE</u> OF "STARE DECISIS" FROM 'AFFIRMING' A CONVICTION BASED ON THE "RESIDUAL CLAUSE". SEE UNITED STATES V. DAVIS, 588 U.S. __ (2019). SEE UNITED STATES V. TAYLOR, 596 U.S. __ (2022)(SAME)(EMPHASIS ADDED).

THIS COURT OF APPEALS IS ALSO 'PROHIBITED' FROM "CIRCUMVENTING" AROUND THE "CENTRAL MERITS" OF THE MOVANT'S CLAIM, (CONVICTED AND SENTENCED UNDER THE 'RESIDUAL CLAUSE" ENHANCEMENT PENALTY); TO "DEFEAT" THE ENDS OF JUSTICE. BECAUSE AS THE SUPREME COURT INSTRUCTED IN PEREIDA V. WILKINSON, "IT IS HARDLY THIS COURT'S PLACE TO PICK AND CHOOSE AMONG COMPETING POLICY ARGUMENTS LIKE THES ALONG THE WAY TO SELECTING WHATEVER OUTCOME SEEMS TO US MOST CONGENIAL, EFFICIENT, OR FAIR". WILKINSON, 141 S.CT. 754, 766-67 (2021)(EMP HASIS ADDED). SEE UNITED STATES V. WILTBERGER, 18 U.S. 76, 95, 105-06 (182 ITS FOR THE ABOVE PRINCIPLE AND RULE 51; THE COURTS SHOULD GRANT MR LEDBETTER'S REQUEST FOR A 'REVIEW' UNDER THE HARMLESS ERROR STANDARD. IF THE COURTS <u>FAIL</u> TO 'COGNIZE' THE "STRUCTURAL NATURE" OF THE MOVANT'S CLAIM. –

PG 31.

PLAIN ERROR:

FOR THE PURPOSE OF THIS PLAIN ERROR REVIEW; UNLESS LEGAL RULE IS W

IVED, ANY DEVIATION FROM RULE IS ERROR, SEE CRIMINAL LAW 1030(1).
HERE, MR. LEDBETTER ASSERTS THAT THE PLAIN ERROR IN HIS CASE,
AFFECTED HIS SUBSTANTIAL AND SUBSTANTIVE RIGHTS TO A FAIR
HEARING, FAIR NOTICE, AND DUE PROCESS OF LAW. THEREFORE, HE ASS-
ERTS THE FOLLOWING PLAIN ERROR VIOLATIONS AND THEIR EFFECT
AGAINST HIS DUE PROCESS RIGHTS.

HE STATES THE COURTS COMMITTED PLAIN ERROR IN HIS CRIMINAL
PROCEEDING BY:

1) FAILING TO PLACE THE ELEMENTS OF 'USE, ATTEMPTED USE, OR
THREATENED USE' OF 'PHYSICAL FORCE' BEFORE A JURY, IN VIOLATION
OF UNITED STATES V. GAUDIN, — U.S. —, 115 S.CT. 2310, 132 L.Ed. 2d 444
(1995)(V AND VI'S AMENDMENT RIGHT TO JURY DETERMINATION OF GUI-
LT BEYOND A REASONABLE DOUBT ON EVERY ELEMENT OF A CHARGED
OFFENSE), IN VIOLATION OF IN RE WINSHIP, 397 U.S. 358, 364, 90 S.CT.
1068, 1073, 25 L.Ed. 2d 368 (1970)(SAME). SINCE IN FACT, AFTER THE
SUPREME COURT HELD THE RESIDUAL CLAUSE AS UNCONSTITUTIONAL,
MR. LEDBETTER'S CONVICTION CAN ONLY BE LAWFUL AND A FEDER-
AL CRIME OF VIOLENCE IF IT HAS AS AN ELEMENT 'THE USE, ATTEMPTED
USE, OR THREATENED USE OF PHYSICAL FORCE'. TAYLOR, 142 S.CT. AT 2020
-21.

HE REASONS THAT BY THE GOVERNMENT CHARGING HIS ALLEGED
CONSPIRACY OFFENSES UNDER THE CONDUCT BASED APPROACH, WHEN
THAT APPLICATION, IN LIGHT OF THE RESIDUAL CLAUSE, WAS UNCONST-
ITUTIONAL, DEPRIVED THE MOVANT OF HIS FUNDAMENTAL RIGHTS TO
CONTEST THE CHARGED OFFENSE (PER SE); NOW THAT THE LAW
DEMANDS THAT IN ORDER FOR AN OFFENSE TO QUALIFY AS A FED-

-ERAL CRIME OF VIOLENCE IT HAS TO HAVE AS AN ELEMENT" THE USE, ATTE-
MPTED USE, OR THREATENED USE", (EMPHASIS ADDED). THE MOVANT STATE
THAT THE RETROACTIVE APPLICATION OF THE FORCE CLAUSE TO HIS CRI-
MINAL PROCEEDING WITHOUT ALLOWING HIM TO PUT THAT 'EX POST FACTO'
ACTION THROUGH THE GAUNTLET OF ADJUDICATIVE CRIMINAL PROCEDU-
RES, SUCH AS CONFRONTATION, TRIAL BY JURY AND PROOF BEYOND A REAS-
ONABLE DOUBT, ETC! UNDISPUTABLY REQUIRES REVERSAL OF MR LEDBET-
ER'S CONVICTION AND SENTENCE TO PREVENT A MISCARRIAGE OF JUSTICE.
IN UNITED STATES V. DAVIS, THE SUPREME COURT ADOPTED THE ELEVENTH
CIRCUIT INSTRUCTION THAT TRIAL COURTS ARE TO INSTRUCT THE JURY ON
ELEMENTS OF... "PHYSICAL FORCE" AND "SUBSTANTIAL RISK" OVALLES V. UN-
ITED STATES, 905 F.3d 1231, 1252 (11TH CIR. 2018) (EN BANC); SEE ALSO
UNITED STATES V. DAVIS, 588 U.S. ___ (2019), "ELEMENTS", MR LEDBETTER...
RESPECTLY, NEVER HAD THE CHANCE TO CONTEST AT FIRST INSTANCE
BECAUSE OF THEIR "RETROACTIVE" ADOPTION BY THE DAVIS COURT
LONG AFTER THE MOVANT'S SENTENCE AND CONVICTION BECAME
FINAL, OR 'SUBMITT' TO A JURY FOR "EXAMINATION," AS HIS SIXTH AMEND-
MENT RIGHTS AND DUE PROCESS RIGHTS "GUARANTEE". (EMPHASIS ADDED)
HE LAWFULLY REASONS THAT HE WAS ENTITLED TO HAVE THE ELEMEN-
OF "PHYSICAL FORCE" AND "SUBSTANTIAL RISK," SUBMITTED TO BOTH,
GRAND JURY AND JURY FOR EXAMINATION, BECAUSE THOSE ELEMENTS,
ARE IN "FACT," THE "ACTUS REUS" OF MR LEDBETTER'S CRIMINAL OFFENSE
UNDER THE CURRENT AND GOVERNING STATE OF LAW. DAVIS, 588 U.S.—
(2019) (EMPHASIS ADDED) (UNDERSCORE ADDED). MR LEDBETTER ALSO POIN-
OUT THAT UNDER TODAY'S LEGAL LANDSCAPE, A FEDERAL OFFENSE
CAN'T QUALIFY AS A CRIME OF VIOLENCE, "UNLESS" IT HAS THE ELEM-
ENT OF "PHYSICAL FORCE" AS INSTRUCTED BY A LONG LINE OF STEAD-

PG 33.

Supreme Court caselaw. See Begay, 553 U.S. at 144-45, 128 S.Ct. at 1586 (holding that the ACCA's residual clause is only met where the prior offense of conviction involves a purposeful, violent, and aggressive act and providing definition guidance as to those terms). See Stokeling v. United States, 139 S.Ct. 544, 562 (2019) (physical force). See United States v. Davis, 588 U.S. ___ (2019) (use, attempted use, or threatened use of physical force). See United States v. Borden, 141 S.Ct. at 1832 "This court has repeatedly confirmed that pointing to violent commissions of an offense on particular occasions "has no purchase" under the categorical approach." Id. See United States v. Taylor, 596 U.S. ___ (2022) (holding to qualify as federal crime of violence offense must have as an element "the use, attempted use, or threatened use of physical force". In other words, the law requires that the movant be allowed to place the elements of "physical force" and "substantial risk" before a jury's determination, as his 'guarantee' under the (V) and (VI) amendment of the United States constitution affords him; because the element of 'physical force' is the main qualifying element, to establish the 'actus reus' of his criminal offense and that element was omitted from the jury's instruction that defines his criminal offense, constitutes structural error. But if the courts has any doubt about that title, the omission of the element, 'physical force' from the jury instruction, when that element is now the "bed-rock" of what establishes a crime of violence, undisputably

PG 34.

QUALIFYS AS PLAIN ERROR THAT PRODUCED CONSTITUTIONAL INFRINGE-
MENTS AGAINST THE MOVANT'S DUE PROCESS RIGHTS AND 6TH AMEN-
MENT RIGHTS TO HAVE EVERY ELEMENT OF THE CHARGED OFFENSE
DETERMINED BY A JURY BEYOND A REASONABLE DOUBT. SEE UNITED
STATES V. GAUDIN, — U.S. —, 115 S.CT. 2310, 132 L.ed. 2d 444 (1995). WHERE
THE GAUDIN COURT REASONED THAT "A DEFENDANT HAS A RIGHT
UNDER THE FIFTH AND SIXTH AMENDMENT, U.S. CONST. AMEND. V $\frac{3}{5}$ VI
TO HAVE A JURY DETERMINE GUILT BEYOND A REASONABLE DOUBT ON
EVERY ELEMENT OF A CHARGED OFFENSE. THE CONSTITUTION "REQUIRES
CRIMINAL CONVICTIONS TO REST UPON A JURY DETERMINATION THAT TH
DEFENDANT IS GUILTY OF EVERY ELEMENT OF THE CRIME WITH WHICH
HE IS CHARGED, BEYOND A REASONABLE DOUBT." Id., AT —, 115 S.CT. AT
2314. (QUOTING U.S. V. WILES, 102 F.3d 1043 (10TH CIR. 1996). SEE ALSO ARIZON
V. FULMINANTE, 499 U.S. 279, 307-08, 111 S.CT. 1246, 1264, 113 L.ed. 2d 302 (1991.
MR LEDBETTER ASSERTS THAT THE COURTS EFFECTIVELY ROB'S HIM
OF HIS CONSTITUTIONAL PROTECTIONS BY NOT ALLOWING THE DEFE
DANT TO HAVE A JURY OF HIS PEERS DECIDE THE CORE FACTOR
(ACTUS REUS), AND ELEMENTS, (PHYSICAL FORCE, SUBSTANTIAL RISK), BEYON
A REASONABLE DOUBT, AS THOSE ELEMENTS ARE A "MUST" NOW TO CON
TITUTE A "CRIME OF VIOLENCE." (EMPHASIS ADDED). PUT IN A MORE CLEARER
SENSE, SO THAT THE COURTS CAN ASSESS THE TRUE IMPACT OF TH
INJURY TO MR LEDBETTER'S CRIMINAL PROCEEDING. THE GOVERNMEN
ACTIONS' DEPRIVED' THE MOVANT OF HIS CONSTITUTIONAL RIGHTS TO HA
THE CRIMINAL OFFENSES OF, "CONSPIRACY TO COMMIT RACKETEERING (196
(D) AND 1963 (A)", "MURDER IN AID OF RACKETEERING (1959)", "MURDER THRO
GH USE OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKIN
CRIME (924 (C) AND (J)", AND "CONSPIRACY TO MURDER A WITNESS (1512

EXAMINED BY A JURY TO DETERMINE IF HIS OFFENSES,...
"CONSTITUTED" A "SUBSTANTIAL RISK" THAT "PHYSICAL FORCE" WILL
BE USED TO COMMIT THE CRIME CHARGED. (EMPHASIS ADDED)
SEE SULLIVAN V. LOUISIANA, 508 U.S. 275, 113 S.CT. 2078, 124 L.Ed. 2d
182 (1993) "THE DEPRIVATION OF THAT RIGHT TO BE FOUND GUILTY
BEYOND A REASONABLE DOUBT OF EVERY ELEMENT OF AN OFF-
ENSE, WITH CONSEQUENCES THAT ARE NECESSARILY UNQUANTIF-
IABLE AND INDETERMINATE, UNQUESTIONABLY QUALIFIES AS STRU-
CTURAL ERROR" Id. AT 281-82, 113 S.CT. AT 2083; SEE ALSO YATES, 500
U.S. AT 402-06, 111 S.CT. AT 1892-94;

MR. LEDBETTER ALSO POINTS OUT THAT THIS COURT OF APPEALS
IS PROHIBITED FROM SUBSTITUTING ITS VERDICT FOR THAT OF THE
JURY, OR FOR THE MISSING STATUTORY ELEMENTS OF "PHYSICAL
FORCE" OR "SUBSTANTIAL RISK", BECAUSE TO DO SO, WOULD BE
THE SAME ACTION AS A DIRECTED VERDICT FOR THE GOVERN-
MENT. AS THE 10TH CIRCUIT COURT OF APPEALS RECOGNIZED IN
U.S. V. WILES, WHICH ANALYZED A COURT'S FAILURE TO INSTRU-
CT A JURY ON AN ELEMENT OF MATERIALITY, AND MADE THE FOL-
LOWING OBSERVATION, ("A RULE 52 STANDARD THAT LOOKS AT
THE QUESTION OF WHETHER THE JURY NECESSARILY FOUND THE ELE-
MENT TO BE SATISFIED BASED UPON UNDERLYING FINDING OF FACT,
RATHER THAN WHAT A HYPOTHETICAL JURY MIGHT HAVE FOUND,
PLACES THE DETERMINATION OF THE ELEMENT IN THE "RIGHT
ENTITY" — THE JURY. IN OTHER WORDS, IF THE ELEMENT-SPECIFIC
ERROR DID NOT PREVENT THE JURY FROM RENDERING A VERDICT
ON THAT ELEMENT, AN "OBJECT" REMAINS UPON WHICH HARMLESS
OR PLAIN ERROR SCRUTINY CAN OPERATE, AND THUS THE ERROR

PG 36.

Case 23-3219    Document: 11    Filed: 07/14/2023    Page: 36

IS NOT STRUCTURAL. SULLIVAN, 508 U.S. AT 280, 113 S.CT. AT 2082. BUT THE ESSENTIAL CONNECTION BETWEEN A PRESUMPTION AND UNDERLYING PREDICATE FACTS IS NOT PRESENT WHERE THE ERROR CONSISTS OF THE FAILURE TO INSTRUCT ON AN ELEMENT OF A CRIME IN ITS ENTIRETY. WHEN AN INSTRUCTIONAL ERROR AFFECTS A SINGLE ELEMENT, THE PROPER "OBJECT" OF FOCUS IS THE JURY'S VERDICT ON THAT ELEMENT. IF, AS HERE, THE ELEMENT-SPECIFIC ERROR, I.E. THE INSTRUCTIONAL OMISSION, PREVENTS THE JURY FROM RENDERING A VERDICT ON AN ELEMENT ENTIRELY, NO "OBJECT" EXISTS UPON WHICH HARMLESS OR PLAIN ERROR ANALYSIS CAN OPERATE. TO CONCLUDE THE ERROR WAS HARMLESS OR NOT PLAIN WOULD BE THE SAME AS DIRECTING A VERDICT ON THE ELEMENT— BOTH WOULD PREVENT AN ACTUAL JURY VERDICT ON THAT ELEMENT. SUPREME COURT PRECEDENT PRECLUDES US FROM "CONDUCTING A SUBJECTIVE INQUIRY INTO THE JUROR'S MINDS" IN ORDER TO UPHOLD A CONVICTION." SEE YATES, 500 U.S. AT 404, 111 S.CT. AT 1893; SEE ALSO SULLIVAN, 508 U.S. AT 278-81, 113 S.CT. AT 2080-83; SEE YATES, 500 U.S. AT 402-06, 111 S.CT AT 1892-94; SEE ROSE, 478 U.S. AT 576-79, 106 S.CT. AT 3105-07. (QUOTING U.S. WILES, 102 F. 3d 1043; VERBATIM)(EMPHASIS ADDED).

MR LEDBETTER STATES THAT THE SULLIVAN'S COURT'S PRINCIPLE; THAT AN 'OMISSION 'OF A 'STATUTORY ELEMENT 'IN ITS "ENTIRETY" IS STRUCTURAL,... SHOULD BE CONTROLLING IN THIS MATTER. ESPECIALLY, WHEN THE "ELEMENTS" CHALLENGED; "USE, ATTEMPTED USE, OR THREATENED USE"...OF "PHYSICAL FORCE" OR "SUBSTANTIAL RISK"— WERE RETROACTIVELY INSERTED INTO CONSIDERATION BY THE SUPREME COURT ANNOUNCING A NEW RULE OF CONSTITUTIONAL LAW IN DAVIS, 588 U.S. __ (2019).

HE ASSERTS THAT RELIEF MUST BE GRANTED IN THIS ACTION, BEFORE THE COURTS, BECAUSE THE ERROR, (STRUCTURAL OR PLAIN), DEPRIVED MR LEDB

TTER OF HIS DUE PROCESS RIGHTS TO TRIAL BY JURY; RIGHTS TO FAIR NOTICE; RIGHTS TO GUILT BEYOND A REASONABLE DOUBT; RIGHTS TO BE JUDGED ACCORDING TO THE LAW; AND RIGHTS TO PROTECT HIS LIBERTY INTEREST.

THE MOVANT ALSO POINTS OUT, THAT SINCE THIS COURT OF APPEALS, IS PROHIBITED BY SUPREME COURT CASELAW, FROM UNDERTAKING HARMLESS OR PLAIN ERROR ANALYSIS TO "ENGAGE IN PURE SPECULATION — OUR VIEW OF WHAT A REASONABLE JURY WOULD HAVE DONE." SULLIVAN, 508 U.S. AT 281, 113 S.CT. AT 2082.

HIS CONVICTION MUST BE VACATED IN ORDER TO AVOID THIS COURT FROM ENTERING A DIRECTED VERDICT FOR THE GOVERNMENT RETROACTIVELY, WHICH IS CONSTITUTIONALLY PROHIBITED AS WELL. SEE RIGHTS TO FAIR NOTICE; SEE EX POST FACTO CLAUSE.

ITS FOR THE ABOVE REASONS, AS INTERPRETED UNDER A LAWFUL LIGHT, MR LEDBETTER IS ENTITLED TO RELIEF FROM HIS JUDGEMENT THAT WAS SECURED BY (1) RESIDUAL CLAUSE (NO LAW); AND (2) STRUCTURAL ERROR (OMITTED ELEMENTS); AND (3) DIRECTED VERDICT, SINCE THE ELEMENTS FOR WHICH "CONSTITUTE" AND "DEFINE" A 'FEDERAL' CRIME OF VIOLENCE' WERE "OMITTED" FROM THE JURY'S "EXAMINATION," AND THAT WITHOUT THE ELEMENTS OF "USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE" BEING INSTRUCTED TO THE JURY, IT COULDN'T HAVE POSSIBLY PERFORMED IT'S JUDICIAL ROLL AS A RELIABLE FACT-FINDER; SINCE THE TRUE ELEMENTS OF HIS OFFENSE, "AN AGREEMENT" AND NOT THE ELEMENTS THAT LAWFULLY CONSTITUTE A 'CRIME OF VIOLENCE' — "USE, ATTEMPT-

Page: 38    Filed: 07/14/2023    Document: 11    Case: 23-3219

ED USE, OR THREATENED USE," WAS PLACED BEFORE THE JURY. THE GOVERNMENT NEVER LAWFULLY ESTABLISHED THAT MR LEDBETTER'S CONSPIRACY OFFENSES WERE CRIMES OF VIOLENCE, IN LIGHT OF TODAY'S LEGAL "DEMAND" THAT ALL "FEDERAL" CRIMES OF VIOLENCE HAS TO HAVE AS AN ELEMENT — "THE USE, ATTEMPTED USE OR THREATENED USE" OF PHYSICAL FORCE. UNITED STATES V. TAYLOR, 596 U.S. __ (2022) SEE UNITED STATES V. DAVIS, 588 U.S. __ (2019). THIS COURT OF APPEALS IS PROHIBITED BY LAW FROM TRYING TO SUBSTITUTE IT'S JUDGMENT FOR THE JURY'S, IN ORDER TO FIND THE QUALIFYING ELEMENTS OF THE FORCE CLAUSE AND DEFEAT JUSTICE. SEE CABANA V. BULLOCK, 474 U.S. 376, 106 S.CT. 689, 88 L.Ed. 2d 704 (1986) "A DEFENDANT CHARGED WITH A SERIOUS CRIME HAS THE RIGHT TO HAVE A JURY DETERMINE HIS GUILT OR INNOCENCE... FINDINGS MADE BY A JUDGE CANNOT CURE DEFICIENCIES IN THE JURY'S FINDING AS TO THE GUILT OR INNOCENCE OF A DEFENDANT RESULTING FROM THE COURT'S FAILURE TO INSTRUCT IT TO FIND AN ELEMENT OF THE OFFENSE." Id. AT 384-85, 106 S.CT. AT 696 (EMPHASIS ADDED). SEE ROSE V. CLARK, 478 U.S. AT 578, 106 S.CT. AT 3106 (1986). SEE IN RE WINSHIP, 397 U.S. 358, 364, 90 S.CT. 1068, 1073, 25 L.Ed. 2d 368 (1970). SEE SULLIVAN, 508 U.S. AT 277, 113 S.CT. AT 2080.

LAST FACTOR, MR LEDBETTER BELIEVES SHOULD CONTROLL IN THIS 'SUBJECT MATTER' BEFORE THE COURTS, IS THE DOCTRINE OF "STARE DECISIS." WHICH OPERATES UNDER THE LAW OF CASE DOCTRINE AND MEANS TO STAND BY DECIDED MATTERS.

PG 39.
HERE, THE DOCTRINE OF STARE DECISIS SHOULD CLEARLY DECIDE THE FOLLOWING MATTERS BEFORE THIS COURT OF APPEALS. —

(1) DOES MR LEDBETTER HAVE A PROTECTED AND CONSTITUTIONAL RIGH

UNDER THE 5TH AMENDMENT TO HAVE THE GOVERNMENT PROVE BEYOND A REASONABLE DOUBT THAT HE'S GUILTY OF EVERY CONTESTED ELEMENT OF A CRIME? SEE IN RE WINSHIP, 397 U.S. 358, 364, 90 S.CT. 1068, 1073, 25 L.Ed. 2d 368 (1970); SEE UNITED STATES V. GAUDIN, — U.S. —, 115 S.CT. 2310, 132 L.Ed. 2d 444 (1995):

(2) CAN A FEDERAL OFFENSE QUALIFY AS A CRIME OF VIOLENCE WITHOUT THE ELEMENTS OF... USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE, IN LIGHT OF UNITED STATES V. DAVIS, 588 U.S. — (2019) AND UNITED STATES V. TAYLOR, 596 U.S. — (2022) HOLDING TO THE CONTRARY.

(3) DOES APPRENDI V. NEW JERSEY, 530 U.S. — 147 L.Ed. 2d 435, 120 S.CT. 2348 (2000) ENTITLE MR LEDBETTER TO PLACE THE ENHANCEMENT ELEMENTS OF "USE, ATTEMPTED USE, OR THREATENED USE" OF PHYSICAL FORCE BEFORE A JURY'S DETERMINATION? SEE BLAKELY V. WASHINGTON, IN WHICH JUSTICE SCALIA POINTED OUT "OUR PRECEDENTS MAKE CLEAR... THAT THE "STATUTORY MAXIMUM" FOR APPRENDI PURPOSES IS THE MAXIMUM SENTENCE A JUDGE MAY IMPOSE SOLELY ON THE BASIS OF THE FACTS REFLECTED IN THE JURY VERDICT OR ADMITTED BY THE DEFENDANT." BLAKELY, 2004 U.S. LEXIS 4573 AT 13-14 (EMPHASIS ADDED); SEE UNITED STATES V. KOCH, 383 F.3d 436 (6TH CIR. 2004)("IN BLAKELY, THE COURT BUILT UPON AND CLARIFIED THE RULE ANNOUNCED IN APPRENDI"). SEE ALSO ALLEYNE V. UNITED STATES, 570 U.S. 99, 114 (2013).

(4) DOES AN EX POST FACTO APPLICATION OF DAVIS; DECIDED, AFTER MR LEDBETTER'S CONVICTION AND SENTENCE BECAME FINAL AND MANDATING A CATEGORICAL APPROACH, WHICH NOW COMPELLS COURT OF APPEALS AND LOWER COURTS TO ASSESS THE ELEMENTS OF THE FORCE CLAUSE, VIOLATE MR LEDBETTER'S RIGHTS TO FAIR-

NOTICE THAT HIS CONDUCT VIOLATED AND CAUSED "THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE?"

(5) DOES MR LEDBETTER HAVE A CONSTITUTIONAL RIGHT, IN LIGHT OF HIS 6TH AMENDMENT RIGHT TO TRIAL BY JURY; TO HAVE THE QUALIFYING ELEMENTS OF "USE" "ATTEMPTED USE" OR "THREAT-ENED USE" DETERMINED BY A JURY "BEYOND A REASONABLE DOUBT," SINCE THOSE ELEMENTS 'NOW' SOLELY MAKE UP WHAT CONSTITUTES A "CRIME OF VIOLENCE" AS EXPRESSED BY THE SUP-REME COURT IN UNITED STATES V. TAYLOR, WHERE THE COURT INST-RUCTED.. AN EVEN MORE FUNDAMENTAL AND BY NOW FAMILIAR PRO-BLEM LURKS HERE. THE GOVERNMENT'S THEORY CANNOT BE SQUARE WITH THE STATUTE'S TERMS. TO DETERMINE WHETHER A FEDERAL FELONY QUALIFIES AS A CRIME OF VIOLENCE, § 924(c)(3)(A) DOESN'T ASK WHETHER THE CRIME IS SOMETIMES OR EVEN USUALLY ASSOCIATED WITH COMMUNICATED THREATS OF FORCE (OR, FOR THAT MATTER, WITH THE ACTUAL OR ATTEMPTED USE OF FORCE). IT ASKS WHETHER THE GOVERNMENT MUST PROVE, AS AN ELEMENT OF ITS CASE, THE USE, ATTEMPTED USE, OR THREATENED USE OF FORCE." Id 596 U.S. __ (2020 MR LEDBETTER LOGICALLY ASSERTS THAT WHERE, AS HERE, THE SUPREME COURT'S INSTRUCTIONS DIRECTLY RESOLVES THIS MATTER ("THE GOVERNMENT 'MUST PROVE' THE ELEMENTS OF THE 'FORCE CLAUSE AS ELEMENTS OF ITS CASE"-) THIS COURT OF APPEALS MUST ADHERE TO 'STARE DECISIS' AND GRANT RELIEF IN THIS APPEAL, BY WAY OF NEW TRIAL OR DISMISSAL OF INDICTMENT, FOLLOWED BY IMMEDIAT RELEASE, BECAUSE OF THE STRUCTURAL NATURE OF THE GOVER-NMENT'S ERROR, WHICH ENTIRELY OMITTED THE QUALIFYING ELE-

PG 41.

MENTS IDENTIFIED BY THE DAVIS AND TAYLOR COURTS, FROM BEING ASSESSED AND DETERMINED BY A JURY OF HIS PEERS.

## CONCLUSION OF LAW

IN WEBSTER V. FALL, 266 U.S. 507, 511, 45 S.CT. 148, 69 L.ed. 411 (1925) THE SUPREME COURT EXPRESSED THE FOLLOWING PRINCIPLE: "QUESTIONS WHICH MERELY LURK IN THE RECORD, NEITHER BROUGHT TO THE ATTENTION OF THE COURT NOR RULED UPON, ARE NOT TO BE CONSIDERED AS HAVING BEEN SO DECIDED AS TO CONSTITUTE PRECEDENTS." id. HERE, MR LEDBETTER REASONS THAT THIS COURT OF APPEALS IS PROHIBITED FROM SATISFYING ITSELF WITH THE ELEMENTS OF "USE", "ATTEMPTED USE", OR "THREATENED USE" OF PHYSICAL FORCE: WHERE THOSE QUALIFYING ELEMENTS WEREN'T REFLECTED IN THE CHARGING INDICTMENT, JURY INSTRUCTIONS, OR RECORD IN GENERAL. SEE APPRENDI V. NEW JERSEY, 530 U.S. 466, 477 (2000) "TRIAL BY JURY HAS BEEN UNDERSTOOD TO REQUIRE THAT 'THE TRUTH OF EVERY ACCUSATION,' WHETHER PREFERRED IN THE SHAPE OF INDICTMENT, INFORMATION, OR APPEAL, SHOULD AFTERWARDS BE CONFIRMED BY THE UNANIMOUS SUFFRAGE OF TWELVE OF THE DEFENDANT'S EQUALS AND NEIGHBORS." id AT 477 (QUOTING 2 W. BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 343 (1979)(EMPHASIS ADDED BY THE COURT); HE REQUESTS TO BE HEARD FOR JUDICIAL REVIEW AS HIS AFFORDED RIGHT. SEE YAKUS V. UNITED STATES, 321 U.S. 414, 64 S.CT. 660, 88 L.ed. 834 (1944); SEE HAMDI V. RIMSFELD, 542 U.S. 507, 124 S.CT. 2633, 159 L.ed. 2d 578 (2004); AND THAT HIS FUNDAMENTAL RIGHTS OF FAIR NOTICE HAS TO GIVE WAY TO DUE PROCESS OF WHAT THE

PG 42.

LAW DEMANDS. SEE CONNALLY V. GENERAL CONSTR. CO., 269 U.S. 385, 391 (1926). SEE KOLENDER V. LAWSON, 461 U.S. 352, 357-358, N.7 (1983).

THEREFORE, RELIEF IN THIS MATTER IS PLAIN AND TELLING UNDER TODAY'S LAW AND LEGAL LANDSCAPE WHICH NOW REQUIRES THAT THE OFFENSE OF 'RICO CONSPIRACY' AND 'CONSPIRACY TO COMMIT MURDER', HAVE AS AN ELEMENT "THE USE, ATTEMPTED USE, OR THREATENED USE" OF PHYSICAL FORCE; OR THE OFFENSE ISN'T A 'CRIME OF VIOLENCE' FEDERALLY, AS INSTRUCTED IN U.S. V. TAYLOR (2022)(APPLYING STATUTORY CONSTRUCTION TO INTERPRET 924(C)(3)(A)'S CRIME OF VIOLENCE LANGUAGE).

THE MOVANT ADDITIONALLY CHARGES THAT THIS COURT IS "PROHIBITED" BY THE DOCTRINE OF 'STARE DECISIS' FROM INTERPRETING THE STATUTE'S LANGUAGE IN §924(C)(3)(A) IN A 'CONTRARY MANNER' TO THAT OF THE SUPREME COURT'S INTERPRETATION. BECAUSE AS CHIEF JUSTICE JOHN MARSHALL INSTRUCTED ON BEHALF OF THE SUPREME COURT. . . "IT IS A MAXIM NOT TO BE DISREGARDED, THAT GENERAL EXPRESSIONS, IN EVERY OPINION, ARE TO BE TAKEN IN CONNECTION WITH THE CASE IN WHICH THOSE EXPRESSIONS ARE USED." COHENS V. VIRGINIA, 19 U.S. 264, 399, 5 L. Ed. 257 (1821). SEE ARMOUR AND CO. V. WANTOCK, 323 U.S. 126, 133, 65 S.C. 165, 89 L. Ed. 118 (1944)("WORDS OF OUR OPINIONS ARE TO BE READ IN THE LIGHT OF THE FACTS OF THE CASE UNDER DISCUSSION.")

THUS, "AS BINDING AUTHORITY, A JUDICIAL DECISION IS INHERENTLY LIMITED TO THE FACTS OF THE CASE THEN BEFORE THE COURT AND THE QUESTIONS PRESENTED TO THE COURT IN THE LIGHT OF THOSE FACTS". SEE NEW PORT LARGO, INC. V. MONROE CTY., 985 F.2d 1488, 1499 (11TH CIR. 1993). SEE GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT §6, "THE LANGUAGE OF A JUDICIAL DECISION MUST BE INTERPRETED WITH REFERENCE TO TH

CIRCUMSTANCES OF THE PARTICULAR CASE AND THE QUESTION UNDER CONSIDERATION." Id AT 80

HERE, IN THIS RULE 52 MOTION BEFORE THE COURT OF APPEALS; MR LEDBETTER CHARGES THAT HIS CONVICTION AND SENTENCE WAS ISSUED UNDER THE "RESIDUAL CLAUSE" AND THAT SUCH SENTENCE, IN LIGHT OF THE 'RESIDUAL CLAUSE' BEING "UNCONSTITUTIONAL", IS VOID AND ILLEGAL, MANDATING REVERSAL, DUE TO THE STRUCTURAL NATURE OF THE ERROR AND INJURY TO THE MOVANT'S LIBERTY INTEREST — RIGHTS TO A JUST AND FAIR JUDICIAL PROCEEDING, — RIGHT TO FAIR NOTICE OF THE TRUE NATURE OF THE CHARGES AND ACCUSATIONS AGAINST, — RIGHTS TO BE HEARD AT A MEANINGFUL TIME AND IN A MEANINGFUL MANNER, AS WELL AS HIS RIGHTS TO BE FREE FROM UNLAWFUL RESTRAINTS AGAINST HIS FREEDOMS AND BODY. THE MOVANT ASSERTS THAT THE 'RULE OF LENITY' SHOULD SETTLE THIS DISPUTE IN HIS FAVOR, BEING THAT THE LAW IS CLEAR ON THE 'RESIDUAL CLAUSE' BEING UNCONSTITUTIONAL, DAVIS 588 U.S. ___ (2019), AND CLEAR ON WHAT ELEMENTS CONSTITUTE AND MAKE UP A FEDERAL CRIME OF VIOLENCE, TAYLOR, 596 U.S. ___ (2022)("USE, ATTEMPTED USE, OR THREATENED USE"). SEE UNITED STATES V. WILTBERGER, 18 U.S. 76, 95, 105-06 (1820) "LENITY IS MEANT TO PROTECT CITIZENS FROM PUNISHMENT THAT IS NOT 'CLEARLY PRESCRIBED' AND TO PROVIDE CONGRESS WITH THE PROPER INCENTIVE TO CLARIFY THE LAW WHILE PREVENTING COURTS FROM INVENTING IT, IN CONGRESS'S STEAD." Id. SEE UNITED STATES V. SANTOS, 553 U.S. 507, 514 (2008).

ITS FOR THE ABOVE RULE OF LAW AND CONSTITUTIONAL PROTECTIONS THAT MR LEDBETTER IS ENTITLED TO RELIEF FROM THE UNCONSTITUTIONAL SENTENCING PACKAGE OF THE RESIDUAL CLAUSE, IN THE NAME OF JUSTICE.

Page: 44   Filed: 07/14/2023   Document: 11   Case: 23-3219

28 U.S.C. §1746

UNDER THE PENALTY OF PERJURY I DECLARE THAT THE FOREGOING
IS A TRUE AND ACCURATE BILL

EXECUTED ON
7/9/2023

Robert B. Ledbetter

## CERTIFICATE OF SERVICE

I HEREBY DECLARE ON MY RIGHT THAT THIS FILING HAS BEEN
SERVED ON ALL INTERESTED PARTIES TO THIS SUBJECT MATTER
BEFORE THE COURT OF APPEALS.

TO:

CLERK OF COURTS
United States Court of Appeals
100 E. Fifth Street, Rm 540
Cincinnati, OH 45202-3988

U.S. GOVERNMENT
"Same"

Robert B. Ledbetter
#69484-041
United States Penitentiary
P.O. BOX 2099
Pollock, LA 71467

Robert B. Ledbetter

PG45.

Robert B. Ledbetter
#69484-061
USP Pollock
P.O. Box 2099
Pollock, LA 71467







7021 2720 0000 8550 5769

RECEIVED

JUL 1 4 2023

DEBORAH S. HUNT, Clerk

Retail

U.S. POSTAGE PAID
FCM LG ENV
POLLOCK, LA 71467
JUL 11, 2023

45202        $0.00

RDC 99        R2304H108276-08

Office of the Clerk
United States Court of Appeals
Sixth Circuit
100 E. Fifth Street, Rm 540
Cincinnati, OHIO 45202-3988

LEGAL MAIL

LEGAL MAIL